591 A.2d 751

**Anthony BOWDREN, Appellant,**

**v.**

**AETNA LIFE AND CASUALTY.**

Superior Court of Pennsylvania.

Argued March 12, 1991.

Filed June 4, 1991.

596

Paul M. Perlstein, Philadelphia, for appellant.

William D. Kennedy, Philadelphia, for appellee.

Before MONTEMURO, JOHNSON and HESTER, JJ.

HESTER, Judge:

Anthony Bowdren appeals from the July 2, 1990 judgment on the order of June 12, 1990 by the Philadelphia County Court of Common Pleas denying his motion to vacate a portion of an arbitration award. The sole issue before us is whether a class two insured may stack the underinsured motorist coverage in a policy which contains a pro-stacking clause not limited to a particular class of insured individuals. We find that the trial court ruling is consistent with the current state of the law on this subject and accordingly, we affirm.

The uncontested facts may be summarized as follows. On January 16, 1986, Anthony Bowdren, appellant, was operating an automobile owned by Virginia Elliott and insured by Aetna Life & Casualty Company, appellee, when he was struck by an automobile operated by Deborah

Berkheimer. Appellant suffered back injuries in the accident and eventually had to have two herniated cervical discs surgically removed.

Following the accident, appellant instituted a lawsuit against the tortfeasor, Deborah Berkheimer. The suit was settled for $15,000, the limit of the tortfeasor's coverage. Thereafter, appellant sought underinsured motorist benefits from Aetna under the policy issued to Ms. Elliott. The policy provided for $100,000 in underinsured motorist coverage at the time of the accident, and there were two automobiles on Elliott's policy.

Pursuant to the terms of the insurance policy, Aetna and appellant proceeded to arbitration. The arbitration hearing concluded on October 11, 1989, and by order dated the same day, the panel awarded appellant $100,000. Thereafter, appellant, in a motion to open and/or reconsider, asked the arbitration panel to rule on the question of whether appellant could stack the underinsured coverage for the two automobiles on the policy for a total coverage of $200,000. The arbitrators found that appellant was not entitled to stack coverages, and the award of $100,000 was confirmed by an order dated November 13, 1990.

Appellant then filed a petition to confirm, vacate, and modify the award of the arbitrators in the Philadelphia County Court of Common Pleas. Appellee filed an answer with new matter, as well as a cross-petition to modify the arbitrators' award. In the cross-petition, appellee contended that it was entitled to a set-off of the sum of $15,000 recovered by appellant from the tortfeasor. On June 12, 1990, the trial court entered an order confirming the arbitrators' award of $100,000 and denying appellee's cross-petition. Thereafter, on June 20, 1990, appellant filed a notice of appeal from the portion of the trial court's order of June 12, 1990, which denied appellant's request to vacate the arbitrators' finding regarding stacking of coverage and the finding regarding jurisdiction to hear appellant's bad faith and unfair trade practices claims.

Initially, appellee contends that the trial court lacked jurisdiction over appellant's petition to vacate the arbitration award. The trial court agreed with appellee's argument that appellant failed to allege the proper grounds as set forth in section 7341 of the Pennsylvania Arbitration Act, 42 Pa.C.S.A. § 7301 et seq., to modify or vacate the arbitration award. Thus, our first task is to determine whether this matter is properly before us.

■ Appellant contends that where the insurance contract, as the one involved herein, provides for statutory arbitration, the scope of review is broader than that set forth in section 7341 and is governed by the "contrary to law" standard provided for in section 7302 of the Pennsylvania Arbitration Act. Upon review of the parties' insurance contract and the relevant case law, we agree with appellant's conclusion that the "contrary to law" standard should have been applied by the trial court.

■ It is well-settled that issues arising from uninsured motorist provisions containing an arbitration clause are subject to the exclusive jurisdiction of the arbitrators. *Allstate Ins. Co. v. McMonagle,* 449 Pa. 362, 296 A.2d 738 (1972); *Nationwide Mut. Ins. Co. v. Barbera,* 443 Pa. 93, 277 A.2d 821 (1971); *Preferred Risk Mut. Ins. Co. v. Martin,* 436 Pa. 374, 260 A.2d 804 (1970). However, certain errors committed by arbitrators are reviewable by the courts and may justify reversal.

Where the contract for insurance does not specify whether statutory or common law arbitration is controlling and where the parties neither expressly nor impliedly agree subsequent to executing the contract that statutory arbitration applies, common law rules of arbitration apply. In that case, the vacating of a common law arbitration award is proper only where there was a "denial of a hearing or fraud, misconduct, corruption, or similar irregularity leading to an unjust, inequitable, or unconscionable award." *Runewicz v. Keystone Ins. Co.,* 476 Pa. 456, 461, 383 A.2d 189, 192 (1978); *Harwitz v. Adams,* 406 Pa. 539, 178 A.2d 617 (1962). On the other hand, where

statutory arbitration is expressly provided for in the uninsured motorist provisions of the contract or the parties submit their dispute to statutory arbitration regardless of the contract provisions, the scope of review is somewhat broader than review of common law arbitration awards.

*Bromley v. Erie Ins. Group*, 322 Pa.Super. 542, 547, 469 A.2d 1124, 1127 (1983).

■ The statutory arbitration standard of review is set forth in section 7302 of the Pennsylvania Arbitration Act.

### § 7302. Scope of subchapter

(a) General rule.—An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter.

. . . . .

(d) Special application.—

(1) Paragraph (2) shall be applicable where:

(iii) Any person has been required by law to submit to or to agree to submit a controversy to arbitration pursuant to this subchapter.

(2) Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

The insurance policy at issue specifically provides that if the parties disagree on the issues of entitlement to recovery of damages or the amount of damages recoverable, either party could make a written demand for arbitration "in accordance with the provisions of the Pennsylvania Uniform

Arbitration Act." Reproduced Record ("R.R."), at b–30. On several previous occasions, we determined that substantially similar language to that used in the contract herein constituted an express provision for statutory arbitration. *See Geisler v. Motorists Mut. Ins. Co.,* 382 Pa.Super. 622, 556 A.2d 391 (1989); *Selected Risks Ins. Co. v. Thompson,* 363 Pa.Super. 34, 525 A.2d 411 (1987), *rev'd in part and aff'd in part on other grounds,* 520 Pa. 130, 552 A.2d 1382 (1989); *Bromley v. Erie Insurance Group, supra.* Therefore, we hold that the present contract falls within the purview of section 7302 of the Act, and the "contrary to law" scope of review should have been applied by the trial court. For this reason, we shall address the question of law presented by appellant in this appeal.

■ Appellant argues that the arbitrators' ruling prohibiting the stacking of underinsured motorist benefits for class two claimants was erroneous due to the existence of a pro-stacking clause for uninsured motorist benefits which did not distinguish between classes of insured individuals. Appellant also contends that the no-stacking clause contained in the contract which applies to underinsured motorist benefits was void as contrary to public policy. Relying on *Tallman v. Aetna Casualty and Surety Company,* 372 Pa.Super. 593, 539 A.2d 1354 (1988), and *Utica Mutual Ins. Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984), appellee responds that due to appellant's status as a class two claimant, the no-stacking clause in the contract was not void, and the pro-stacking clause was inapplicable to him. Further, appellee maintains that the Motor Vehicle Financial Responsibility Law ("MVFRL") prohibits stacking of underinsured motorist benefits to an amount greater than the insured's bodily injury limits. While we agree with appellant that the existence of a pro-stacking clause distinguishes the contract herein from others previously considered by the courts, we cannot agree that the arbitrators' ruling was contrary to law.

In *Utica Mutual Ins. Co. v. Contrisciane, supra,* the claimant sought uninsured motorist benefits under the

Uninsured Motorist Act from the insurer of claimant's decedent's employer, whose car he was "occupying" at the time of the accident, and from the insurer of his family's car. The Court emphasized in *Contrisciane* that the claimant's right to stack uninsured motorist coverages from the two insurers differed according to his status as a claimant. The terms of the Utica policy described three different classes of insured, including: "(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either, (b) any other person while occupying an insured highway vehicle, and (c) any person with respect to damages he was entitled to recover because of bodily injury to which the insurance applies sustained by the insured under (a) or (b)." *Utica Mutual Ins. Co. v. Contrisciane*, 504 Pa. at 338, 473 A.2d at 1010. These classifications are contained in most uninsured motorist policies and are described as "class one," "class two," and "class three" coverage. With respect to the employer's policy with Utica Mutual, the decedent was a class two claimant, and consequently, the Supreme Court refused to allow the claimant to stack the policy in which he was a class two insured. The Court stated:

> A claimant whose coverage is solely a result of membership in this class (Class Two) has not paid premiums, nor is he a specifically intended beneficiary of the policy. Thus, he has no recognizable contractual relationship with the insurer, and there is no basis upon which he can reasonably expect multiple coverage.

*Utica Mutual Ins. Co. v. Contrisciane*, 504 Pa. at 338–339, 473 A.2d at 1010–1011. The Court did allow the claimant in *Contrisciane* to stack uninsured motorist benefits with respect to which he was a class one insured.

In *Tallman v. Aetna Casualty and Surety Company, supra,* we applied the ruling in *Contrisciane* to allow stacking of uninsured motorist benefits under the Uninsured Motorist Act to a class one insured's claim to underinsured motorist benefits under the MVFRL. We determined that a provision which prohibited stacking of underinsu-

rance coverage was invalid as contrary to the public policy expressed in the MVFRL. Since the claimant in *Tallman* was a class one insured, we did not rule on the question of whether a class two insured was entitled to stack underinsured motorist benefits or whether a no-stacking provision regarding underinsurance coverage was invalid with respect to class two claimants. The only reference we made to the distinction between the classes of insured individuals in *Tallman* was our comment that "different classes of insured and their ability to stack uninsured coverage were outlined in *Utica Mutual Ins. Co. v. Contrisciane.*" *Tallman v. Aetna Casualty and Surety Company*, 372 Pa.Super. at 597, 539 A.2d at 1356.

We cannot agree with appellant's contention that the arbitrators' decision refusing to permit the stacking of underinsured motorist benefits by a class two claimant is contrary to law. Conversely, we find it to be consistent with the present state of the law. Just as the claimant in *Contrisciane*, appellant paid no premiums for the multiple coverage afforded to class one insureds and had no reasonable expectation that he would be entitled to coverage under policies for another vehicle owned by Ms. Elliot. Accordingly, under the reasoning of *Contrisciane* and *Tallman*, the arbitrators committed no error in prohibiting appellant from stacking underinsured motorist benefits as a class two claimant.

Order affirmed.