617 A.2d 361

**Michael MARTIN, Appellant,**

v.

**PMA GROUP.**

Superior Court of Pennsylvania.

Submitted Aug. 27, 1992.

Filed Dec. 7, 1992.

Phillip M. Gilligan, Flourtown, for appellant.

Fred B. Buck, Philadelphia, for appellee.

Before BECK, JOHNSON and HOFFMAN, JJ.

**HOFFMAN, Judge.**

This appeal is taken from the lower court order dated December 23, 1991, denying appellant's petition to vacate an arbitration award. Appellant presents two issues. First, appellant claims that the lower court erred in refusing to apply the standard of review for arbitration awards as set forth in 42 Pa.C.S.A. § 7302. Appellant next contends that appellee's failure to produce a written waiver as required by 75 Pa.C.S.A. § 1791 requires that the insurance policy be reformed to reflect $1,000,000 in uninsured/underinsured motorist coverage rather than $35,000 as stated in the subject policy. For the following reasons we affirm.

On May 17, 1988, appellant was involved in a motor vehicle accident while working for S.O.S. Defender, Inc. ("S.O.S."). The vehicle was struck by an automobile driven by Jennifer Stevenson and insured by Allstate Insurance Company. Appellant settled with Allstate for its policy limit of $100,000 and then pursued a claim against appellee, PMA Group, for underinsured motorist benefits.

At the time of the accident, the vehicle owned by S.O.S. was insured under a policy issued by appellee. The policy provided liability coverage in the amount of $1,000,000 and uninsured/underinsured (UM/UIM) coverage in the amount of $35,000. Appellant contended that appellee's policy should be reformed to provide UM/UIM coverage equal to its liability limits of $1,000,000 because S.O.S. did not sign a waiver form as set out in 75 Pa.C.S.A. § 1791 when it purchased the policy.[1]

---

1. 75 Pa.C.S.A. § 1731 states that:

> No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered therein or supplemental thereto in amounts as provided in section 1734 (relating to request for lower limits of coverage). Purchase of uninsured motorist and underinsured motorist coverages is optional.

75 Pa.C.S.A. § 1734 states that a "named insured may request in writing the issuance of coverage under section 1731 (relating to avail-

Appellee's insurance policy required all disputes concerning UM/UIM benefits to be arbitrated in accordance with the Uniform Arbitration Act. An arbitration hearing was held on September 18, 1991. At the hearing the parties stipulated that a statutory waiver form as delineated in 75 Pa.C.S.A. § 1791 was not signed by S.O.S. Appellee contended that S.O.S. had nonetheless made a knowing selection of lower UM/UIM limits, and thereby satisfied 75 Pa.C.S.A. § 1734.

After extended deliberations, the arbitration panel on October 21, 1991 refused to reform the policy and awarded appellant $35,000. Appellant filed a motion to vacate the award which was subsequently denied by the lower court. This timely appeal followed.

▮ Appellant's first argument is that the parties' contract, which provides for arbitration of disputed UM/UIM claims, falls within the purview of 42 Pa.C.S.A. § 7302 requiring a court to modify or correct an award which is contrary to law.[2] We disagree.

Appellee's insurance policy expressly stated that a dispute over UM/UIM benefits would be arbitrated and "conducted in

ability, scope and amount of coverage) in amounts equal to or less than the limits of liability for bodily injury."
75 Pa.C.S.A. § 1791 provides that:
It shall be presumed that the insured has been advised of the benefits and limits available under this chapter provided the following notice in bold print of at least ten-point type is given to the applicant at the time of application for original coverage, and no other notice or rejection shall be required....

2. 42 Pa.C.S.A. § 7302(d) states that:
(1) Paragraph (2) shall be applicable where:
(i) The Commonwealth government submits a controversy to arbitration.
(ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.
(iii) Any person has been required by law to submit or to agree to submit a controversy to arbitration pursuant to this subchapter.
(2) Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, *modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.*
*Id.* (emphasis added).

accordance with the Pennsylvania Uniform Arbitration Act." This language constituted an express provision for statutory arbitration. *See Bowdren v. Aetna Life and Casualty*, 404 Pa.Super. 595, 600, 591 A.2d 751, 754 (1991) (citations omitted). Section 7314 of the Pennsylvania Uniform Arbitration Act delineates the circumstances under which a statutory arbitration award can be vacated by a court and an award contrary to law is not one such circumstance.[3] Moreover, 42 Pa.C.S.A. § 7314(a)(2) expressly states that "[t]he fact that the relief awarded by the arbitrators was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award."

Appellant cites *Meerzon v. Erie Insurance Company*, 380 Pa.Super. 386, 551 A.2d 1106 (1988) for the proposition that the correct standard of review from a statutory arbitration award is the "contrary to law" approach found within section 7302. *Meerzon*, however, is distinguishable from the instant case. In *Meerzon*, the insurance policy provided that if either party demanded arbitration to resolve a dispute regarding uninsured motorist coverage, the arbitration "shall be conducted in accordance with the Pennsylvania Arbitration Act of 1927." *Meerzon* at 389, 551 A.2d at 1108. Although the Pennsylvania Arbitration Act of 1927 provided as grounds for modification an award contrary to the law, the 1980 Pennsyl-

---

3. 42 Pa.C.S.A. § 7314(a)(1) states that:

(1) On application of a party, the court shall vacate an award where:

(i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;

(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or

(v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

vania Arbitration Act repealed the 1927 Act, and limited the standard of review. Hence, appellant's reliance on *Meerzon* is misplaced, as is his reliance on § 7302(d)(1)(iii) of the Pennsylvania Uniform Arbitration Act.

■ There are only two instances other than when the Commonwealth or a political subdivision submits a controversy to arbitration, when § 7302(d)(1)(iii) applies:

(1) agreements to arbitrate made prior to December 4, 1980, the effective date of the 1980 Act, expressly providing for arbitration pursuant to the laws of the Commonwealth; and (2) agreements to arbitrate, made either before or after 1980, expressly providing for arbitration under the 1927 Act.

*Popskyj v. Keystone Ins. Co.*, 388 Pa.Super. 429, 441, 565 A.2d 1184, 1190 (1989) (*en banc*).

In the case at bar none of the conditions required for the broader standard of review, as mandated by § 7302(d), are met: appellee's insurance policy was issued to S.O.S. in 1988, and the policy does not refer to the Pennsylvania Uniform Arbitration Act of 1927. Therefore, having found that no special circumstances which allow for a broad standard of review of statutory arbitration awards present, we are limited to the narrow scope of review provided in §§ 7314 and 7315.[4]

■ Sections 7314 and 7315 provide for the vacating of a statutory arbitration award only upon a showing of fraudulent, irregular, or partial conduct on the part of the arbitrators, or that the award contains miscalculations or deficiencies in form. Appellant does not allege any of the above, but rather alleges that the award was contrary to law. An allegation that a statutory arbitration award is contrary to law is not a suffi-

---

**4.** 42 Pa.C.S.A. § 7315 states that "the court shall modify or correct the award where:

(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) the award is deficient in a matter of form, not affecting the merits of he controversy."

cient basis for vacating the award pursuant to §§ 7314 and 7315.

For the foregoing reasons we affirm the opinion of the lower court denying appellant's petition to vacate the arbitration award.

Affirmed.

JOHNSON, J., concurs in the result.