628 A.2d 899

**CIGNA INSURANCE COMPANY**

v.

**A. Mary SQUIRES, Administratrix of the Estate of Nicholas J. Squires, and A. Mary Squires, Individually, on her own Behalf, Appellant.**

Superior Court of Pennsylvania.

Argued April 15, 1993.

Filed July 21, 1993.

John G. Swatkoski, Kingston, for appellant.

Jordon H. Pecile, Wilkes–Barre, for appellee.

Before CAVANAUGH, BECK and JOHNSON, JJ.

JOHNSON, Judge.

A. Mary Squires, individually and as administratrix of the estate of Nicholas Squires, appeals from the judgment entered by the trial court. The trial court's judgment vacates the arbitration award of damages to be paid by Cigna Insurance Company (Cigna) to Squires. We reverse.

On December 21, 1989, Nicholas Squires was killed in an automobile accident. The decedent, who was employed by Claws Refuse Inc., was killed while working within the scope of his employment. The decedent was struck by a motor vehicle, operated by Kevin Edsell, while collecting refuse to empty into the company truck.

A. Mary Squires, individually and as administratrix for the decedent's estate, filed a Wrongful Death and Survival Action against Edsell. Edsell's insurer, Agway Insurance Company, paid Squires its $100,000 policy limit with the consent of Cigna, the insurer for the decedent's employer.

Following settlement with Agway Insurance Company, Squires demanded recovery of underinsured motorist benefits under Claws Refuse's business automobile policy with Cigna. Squires also demanded stacking of underinsured motorist benefits for the company's eleven vehicles, which would have provided a total of $385,000 in benefits. Cigna admitted liability but contended that Squires could only recover single underinsured motorist coverage of $35,000, which would apply to the vehicle which the decedent was occupying at the time of his death. Since the parties were unable to agree as to the amount of underinsured motorist benefits that Squires should recover, the matter was submitted to a panel of arbitrators, pursuant to the arbitration provision within the Cigna policy. That provision states:

Arbitration shall be conducted in accordance with the Pennsylvania Uniform Arbitration Act. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

The panel of arbitrators convened on August 2, 1991 to determine the issue of stacking. The panel convened again on October 31, 1991, to hear evidence on the subject of damages. The arbitration panel issued its award of damages on November 20, 1991, holding that Squires was entitled to stack underinsured motorist coverage. Damages were awarded to Squires in the amount of $355,013.50, to be reduced by the previously recovered $100,000.

Cigna thereafter filed a petition with the trial court, our esteemed colleague the Honorable Gifford Cappellini, to vacate, correct or modify the arbitration award as it was based on an error of law. Following argument, the trial court vacated the arbitrators' award and ordered Squires to receive $35,000 in underinsured motorists benefits. Squires then appealed the order of the trial court to this Court. The trial court, in its Opinion, indicates that in light of this Court's decision in *Dearry v. Aetna Life and Casualty Insurance Company*, 415 Pa.Super. 634, 610 A.2d 469 (1992), and Judge

Sylvia Rambo's well-written decision in *Aetna Casualty and Surety Company v. Deitrich*, 803 F.Supp. 1032 (M.D.Pa.1992), it now recommends that we reverse its order vacating the arbitrators' award.

Squires presents two issues for our review:

1. Whether the trial court erred in applying the statutory arbitration standard of review under 42 Pa.C.S. § 7302(d)(2) to modify the arbitrators' award.

2. Whether the trial court erred in holding that the stacking of underinsured motorist coverage is contrary to existing law.

First, Squires asserts that the trial court erred in applying the standard of review articulated in 42 Pa.C.S. § 7302(d)(2) to modify the arbitrators' award. We agree. We also conclude that application of the correct standard of review precludes us from addressing Squires' second issue.

The 1980 Uniform Arbitration Act (Act), 42 Pa.C.S. § 7301 *et seq.*, delineates its scope in § 7302(a) which states:

(a) General rule.—An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter.

The Cigna insurance policy, in the present case, is in writing and expressly provides for arbitration to occur under the provisions of the Uniform Arbitration Act. Thus, without more, the present policy will be construed to expressly provide for statutory arbitration under the 1980 Act. *See Popskyj v. Keystone Insurance Company*, 388 Pa.Super. 429, 565 A.2d 1184 (1989) (*en banc*), *appeal denied*, 525 Pa. 602, 575 A.2d 567 (1990).

The Act provides for two standards under which a court may review the award of an arbitration panel, found in § 7302(d)(2) and in § 7314. The trial court applied 42 Pa.C.S.

§ 7302(d)(2) as the standard under which it reviewed the award of the arbitration panel for errors of law. We conclude that this was error.

The 1980 Uniform Arbitration Act at 42 Pa.C.S. § 7302(d) states:

**(d) Special application.—**

(1) Paragraph (2) shall be applicable where:

(i) The Commonwealth government submits a controversy to arbitration.

(ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.

(iii) Any person has been required by law to submit or to agree to submit a controversy to arbitration pursuant to this subchapter.

(2) Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

Our legislature, when enacting the 1980 Uniform Arbitration Act, was cognizant of the changes in the standard of review contained in the 1980 Act from the broad "error of law" standard of review contained in the 1927 Uniform Arbitration Act (now repealed). The 1927 Act provided:

**§ 171 Modifying or correcting award, grounds**

In either of the following cases the court shall make an order modifying or correcting the award upon the application of any party to the arbitration:

. . . . .

(d) Where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict.

Our legislature anticipated that difficulties might be caused for parties who intended arbitration to occur under the provisions of the 1927 Act, rather than those of the Act in its present form, when articulating the special applications provision of § 7302(d)(2). *See Popskyj, supra.* Therefore, a historical note as to applicability was added to § 7302 indicating under what circumstances § 7302(d)(2) should be applied. That note states:

**Application**

.    .    .    .    .

"The provisions of 42 Pa.C.S. § 7302(d)(2) (relating to special application) shall be applicable to any nonjudicial arbitration pursuant to:

"(1) An agreement made prior to the effective date of this act which expressly provides that it shall be interpreted pursuant to the law of this Commonwealth and which expressly provides for statutory arbitration.

"(2) An agreement heretofore or hereafter made which expressly provides for arbitration pursuant to the former provisions of the Act of April 25, 1927 ..., relating to statutory arbitration."

After a thorough review of the Cigna policy, we conclude that neither of the above two conditions exist in the policy under consideration here. The insurance policy was issued after the effective date of the 1980 Act, December 4, 1980, and, while it expressly provides for arbitration under the Uniform Arbitration Act, it does not require arbitration to occur under the provisions of the 1927 Act. We, therefore, conclude that § 7302(d)(2) does not apply to the Cigna policy at issue in this case.

Prior to a review of the case law in this area, we will review the standards under which a court may properly vacate or modify an arbitration award in the majority of cases presented for statutory arbitration. Those sections state in pertinent part:

**§ 7314. Vacating award by court**

**(a) General rule.—**

(1) On application of a party, the court shall vacate an award where:

(i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;

(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or

(v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

(2) The fact that the relief awarded by the arbitrators was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award.

§ 7315. **Modification or correction of award by court**

(a) **General rule.**—On application to the court made within 30 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) the award is deficient in a matter of form, not affecting the merits of the controversy.

None of the circumstances articulated in § 7314(a)(1)(ii), (iii), (iv), or (v) or § 7315 are alleged to apply to the facts of this case. The conditions under § 7314(a)(1)(i), referring to common law arbitration, which would permit a court to vacate an award are: fraud, misconduct, corruption, or other irregularity which caused the rendition of an unjust, inequitable or unconscionable award. Section 7314(a)(2) also specifically prohibits a court from vacating an arbitrator's award on the grounds that a court could not, in law or equity, grant that award. *See also Boyce v. St. Paul Property and Liability Insurance Co.*, 421 Pa.Super. 582, 618 A.2d 962 (1992).

Cigna did not allege fraud, misconduct, or corruption but did contend that the arbitrators' award constituted an error of law, which constituted an irregularity under § 7314(a)(1)(i). Cigna thereby maintains that the arbitrator's award was properly reviewed by the trial court and could have been vacated, due to an error of law, under either § 7302 or § 7314.

Squires on the other hand maintains that the trial court erred in reviewing the arbitrator's award based on a claim of an error of law. We agree.

In *Popskyj, supra,* a plurality of this Court, sitting *en banc,* addressed the issue of whether this Court could apply § 7302(d) to review an award of an arbitration panel for an error of law. There, we articulated the narrow circumstances under which a court could review a case under the standard of review in § 7302(d). This Court held that § 7302(d) only applied where: (1) the cause of action arose prior to the effective date of the 1980 Act, December 4, 1980; (2) the insurance agreement was entered into by the parties prior to December 4, 1980; or, (3) the insurance agreement specifically provides for arbitration to take place under the 1927 Act. *Popskyj,* 388 Pa.Super. at 442–443, 565 A.2d at 1191. As none of the above circumstances were applicable, we held that we were unable to review that case for an error of law under § 7302(d). We also held that § 7314 is the standard of review

which applies to all other cases under the 1980 Act, and that section expressly forbids review by this Court for an error of law. *Popskyj* at 434–435, 565 A.2d at 1187–1188.

Cigna contends that this Court has rejected the principles articulated in *Popskyj*, in the more recent cases of *Bowdren v. Aetna Life and Casualty*, 404 Pa.Super. 595, 591 A.2d 751 (1991), *appeal denied*, 529 Pa. 644, 602 A.2d 855 (1992) and *Carroll v. State Farm Mutual Automobile Insurance Company*, 420 Pa.Super. 215, 616 A.2d 660 (1992), *appeal denied*, 533 Pa. 641, 622 A.2d 1374 (1993). We disagree.

In *Bowdren, supra,* this Court was again faced with the question of whether we can review an arbitration award for an error of law. The *Bowdren* court held that if the insurance contract expressly provides for statutory arbitration, then the standard of review is dictated by § 7302. *Bowdren,* 404 Pa.Super. at 601, 591 A.2d at 754. In coming to this conclusion the Court neither relies upon nor rejects the reasoning in *Popskyj.* While *Bowdren* states that, in any statutory arbitration case, § 7302(d) provides the standard of review, it does not discuss the historical note describing the limited application of that section. Moreover, if we apply the *Bowdren* analysis of § 7302(d) to the facts of the case *sub judice*, § 7314 ceases to have any purpose under the Act. *Accord Aetna Casualty and Surety Company v. Deitrich,* 803 F.Supp. 1032 (M.D.Pa.1992). In our interpretation of the statute, however, we must presume that the legislature intended the entire statute to be effective. 1 Pa.C.S. § 1922(2). We are unpersuaded that *Bowdren* represents an express rejection of the *Popskyj* analysis or that *Bowdren* applies in the present case.

Cigna also cites to *Carroll, supra,* to support the proposition that this Court has rejected the reasoning presented in *Popskyj.* In *Carroll,* the court held that if the insurance contract provided for statutory arbitration, the "error of law" standard contained in § 7302(d) applied. The *Carroll* court neither cited nor distinguished the reasoning of *Popskyj.* Rather, the court relied upon *Geisler v. Motorists Mutual Insurance Company,* 382 Pa.Super. 622, 556 A.2d 391 (1989), to support its conclusion.

In *Geisler*, the court concluded that § 7302(d) provided the proper standard under which it should review the award of the arbitration panel. *Geisler* at 625–626, 556 A.2d at 393. This was an entirely proper result as the insurance contract, in that case, expressly provided for arbitration to take place under the 1927 Act. The *Geisler* court looked to the historical note to § 7302(d) in order to establish that the standard articulated in § 7302(d)(2) applied in that particular case. *Geisler* at 625–626, 556 A.2d at 393.

In *Carroll*, where the insurance contract expressly provided for arbitration under the 1980 Act, the Court did not factually distinguish that case from *Geisler*. Further, the *Carroll* court did not discuss the historical note to § 7302, as limiting the application of that section. Again, we are unable to view this Court's decision in *Carroll* as expressly rejecting the reasoning presented in *Popskyj*.

This Court has followed *Popskyj* in several recent decisions. In *Dearry v. Aetna Life & Casualty Insurance Company*, 415 Pa.Super. 634, 610 A.2d 469 (1992), an insurance contract provided for arbitration under the Pennsylvania Uniform Arbitration Act. There, citing *Popskyj*, we refused to review a claim under the error of law standard of § 7302(d), finding none of the circumstances described in the historical note applied to the facts of that particular case. *Id.* at 642, 610 A.2d at 472–73.

In *Martin v. PMA Group*, 420 Pa.Super. 624, 617 A.2d 361 (1992), we were again presented with the question of whether an arbitrators' award could be reviewed for an error of law. In that case, we followed the holding of *Popskyj* to conclude that the standard of review under § 7302(d) was inapplicable, as the circumstances described in the historical note were not present. *Id.* at 629, 617 A.2d at 362. We determined that we were thereby precluded from reviewing the arbitrators' award, and held that, "[s]ection 7314 of the Pennsylvania Uniform Arbitration Act delineates the circumstances under which a statutory arbitration award can be vacated by a court and an award contrary to law is not one such circumstance." *Id.*

In *Boyce v. St. Paul Property and Liability Insurance Co.*, 421 Pa.Super. 582, 618 A.2d 962 (1992), we again declined to review an arbitrators' award on an error of law claim. There, we cited §§ 7314 and 7315 as describing the only circumstances under which a court may vacate or modify an award of an arbitrator, stating: "[s]uch a claim, that the award is contrary to the law, is not a sufficient basis for vacating the award pursuant to § 7314 and 7315." *Id.* at 592, 618 A.2d at 968. In *Boyce*, not citing to *Popskyj*, we clearly followed the same reasoning as *Popskyj* by stating that a claim of an error of law is not sufficient to permit us to vacate an award made pursuant to the Pennsylvania Uniform Arbitration Act. *Id.*

We also find the reasoning presented in *Aetna Casualty v. Deitrich, supra,* to be persuasive. There, Judge Rambo, writing for the Federal District Court for the Middle District of Pennsylvania, discussed what standard of review a court should apply when reviewing an arbitrators' award under the 1980 Pennsylvania Uniform Arbitration Act. In that case, the court, relying on the reasoning of *Popskyj*, held that since none of the circumstances described in the historical note to § 7302 applied, § 7314 provided the correct standard of review. *Id.* at 1037. The court concluded that it could not review the arbitration award based on an alleged error of law. *Id.* at 1040.

Returning to the present case, after a full review of the record, we have concluded that § 7302(d) does not provide the correct standard of review for this case since (1) the insurance contract was entered into by the parties after December 4, 1980, and (2) the agreement does not expressly provide for arbitration under the 1927 Act. Therefore, this Court could only vacate the award of the arbitrators under the circumstances described in § 7314.

Cigna attempts to support the trial court's decision by asserting that since the arbitrators' award constitutes an error of law, it is an irregularity for which the award should be vacated under § 7314(a)(1)(i), relating to common law arbitration. However, § 7314(a)(2) expressly forbids this court to vacate an award by an arbitrator merely because it could or

217

would not be granted by a court of law or equity. *See also Boyce, supra; Martin, supra.*

The distinguished trial court, after considering Squires' claims and the decisions in *Dearry* and *Deitrich, supra,* concluded that its order modifying the award of the arbitrator, based solely on an alleged error of law, was improper under the 1980 Act and should be reversed. We agree. Accordingly, we are constrained to reverse the order of the trial court.

As we conclude that this Court may not review the arbitration award for an error of law, under the provisions of the 1980 Act, we are therefore precluded from addressing the second issue presented in this appeal.

Order Reversed and Case Remanded with Instructions to Reinstate the Arbitration Award.