## Hough v. State Farm Insurance Co.

C.P. of Westmoreland County, no, 2615 of 2000.

*John W. Pollins III,* for plaintiffs.
*Richard F. Boyle Jr.,* for defendant.

LOUGHRAN, *P.J.,* March 1, 2001—The above captioned matter arises out of a motor vehicle/pedestrian accident which occurred on or about September 27, 1995, on State Route 981, in East Huntingdon Township, Westmoreland County, Pennsylvania. On September 27, 1995, while the petitioner, Jack Hough, was walking along the berm of State Route 981, he was struck by a vehicle operated by Kelly Stewart. At the time of said motor vehicle accident, Kelly Stewart was insured by the Erie Insurance Group and she maintained liability insurance with policy limits of $50,000. The petitioner, Jack Hough, made a claim against Kelly Stewart regarding the aforesaid motor vehicle accident. On or about January 23, 1998, said claim was settled for the amount of the liability policy limits maintained through Erie Insurance, $50,000. State Farm consented to the aforesaid settlement and waived its subrogation rights.

At the time of the subject motor vehicle accident, the petitioner, Jack Hough, maintained automobile insurance through State Farm. Jack Hough was the named insured on said policy and the policy provided underinsured motorist coverage in the amount of $100,000. Jack Hough's spouse, Joanne Hough, was the named in-

sured on a separate policy of automobile insurance issued by State Farm. At the time of said motor vehicle accident, the State Farm policy issued to Joanne Hough provided underinsured motorist coverage in the amount of $15,000.

The petitioner, Jack Hough, made a claim to underinsured motorist benefits under both of the aforesaid State Farm policies.

On or about May 1, 1998, State Farm paid Jack Hough and Joanne Hough the sum of $100,000 pursuant to the policy issued to Jack Hough. Jack Hough and Joanne Hough executed a release providing for the release of all claims regarding this policy. The petitioners, Jack Hough and Joanne Hough, then filed an underinsured motorist claim under the policy issued by State Farm to Joanne Hough, asserting that said policy provided underinsured motorist coverage in the amount of $100,000.

A dispute arose between the petitioners, Jack Hough and Joanne Hough, and the respondent, State Farm, as to amount of underinsured motorist coverage which was available under the policy issued by State Farm to Joanne Hough. State Farm contended that the amount of underinsured motorist coverage available pursuant to said policy was $15,000. The petitioners, Jack Hough and Joanne Hough, contended that the amount of coverage available pursuant to said policy was $100,000. This dispute was presented to a board of arbitrators for adjudication in accordance with the arbitration provisions of the subject policy of insurance.

The coverage issue was submitted to an arbitration panel consisting of Rabe Marsh, Esquire, chairman,

Leonard Reeves, Esquire, and Jon Lewis, Esquire, pursuant to a motion for summary judgment filed by State Farm and a cross-motion for summary judgment filed by the petitioners, Jack Hough and Joanne Hough. Multiple briefs were filed with the arbitration panel and extensive oral argument took place. On or about April 13, 2000, the arbitrators entered an award determining that the amount of underinsured motorist coverage available under the subject policy of insurance was $15,000/ $30,000.

On or about April 27, 2000, the petitioners, Jack Hough and Joanne Hough, filed a petition to vacate or modify arbitration award pursuant to 42 Pa.C.S. §7314. In response to the aforesaid petition to vacate or modify arbitration award, the respondent, State Farm, filed an answer to said petition and new matter. The new matter filed on behalf of the respondent, State Farm, asserted that this honorable court lacked jurisdiction over the petitioners' petition to vacate or modify the arbitration award, and requested that said petition be dismissed. In order to bring the jurisdictional issues raised in the respondent's new matter to the attention of the court, the respondent also filed a motion to dismiss petition to vacate or modify arbitration award raising the jurisdictional issues which were originally set forth in the respondent's new matter. This motion to dismiss petition to vacate or modify arbitration award is presently before this court for adjudication.

The underinsured motorist arbitration provisions of the State Farm policy of insurance issued to Joanne Hough provide as follows:

"Deciding fault and amount

"Two questions must be decided by agreement between the *insured* and us:

"(1) Is the *insured* legally entitled to collect damages from the owner or driver of an *uninsured motor vehicle* or *underinsured motor vehicle;* and

"(2) If so, in what amount?

"If there is no agreement, these questions shall be decided by arbitration at the request of the *insured* or us. The Pennsylvania Uniform Arbitration Act, as amended from time to time, shall apply:

"Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on a third one within 30 days either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on each party.

"The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

"The arbitration shall take place in the county in which the *insured* resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used."

In view of the express policy language contained in the subject policy of insurance, the State Farm policy provides for arbitration pursuant to the Pennsylvania Uniform Arbitration Act of 1980. The language used in the subject State Farm policy, which policy was issued after 1980, has been interpreted as requiring arbitra-

tion pursuant to the Pennsylvania Uniform Arbitration Act of 1980. This exact policy language was reviewed by the Pennsylvania Superior Court in *MGA Insurance Co. v. Bakos,* 699 A.2d 751 (Pa. Super. 1997), where the court stated.

"The insurance policy underlying this dispute provided for arbitration 'in accordance with the Pennsylvania Uniform Arbitration Act.' See petition to vacate and/or modify arbitration award, 12/21/95, exhibit A. Accordingly, the rules of statutory arbitration under the PUAA of 1980 govern the proceedings, awards, and appeals arising therefrom.[4] *Patton, supra; Cotterman v. Allstate Insurance Co.,* 446 Pa. Super. 202, 207, 666 A.2d 695, 697 (1995).

"4. While the policy's language does not specify whether the PUAA of 1927 or of 1980 applies; *Cotterman, infra,* informs us that the PUAA of 1927 only applies in two cases: (1) where the agreement to arbitrate is made prior to December 4, 1980, and (2) where the agreement to arbitrate, made either before or after 1980, expressly provides for arbitration under the 1927 Act. Here, as the policy containing the agreement to arbitrate had an effective date of February 10, 1993, and as the policy's language did not specify that the 1927 Act applies, the provisions of the 1980 Act govern this controversy." *MGA Insurance Company v. Bakos,* 699 A.2d 751, 753 (Pa. Super. 1997).

The standard of review regarding arbitration awards rendered pursuant to the Pennsylvania Uniform Arbitration Act of 1980 is set forth in 42 Pa.C.S. §7314(a) which provides as follows:

"(a) General rule.—

"(1) On application of a party, the court shall vacate an award where:

"(i) the court would vacate the award under section 7341 (relating to common-law arbitration) if this subchapter were not applicable;

"(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

"(iii) the arbitrators exceeded their powers;

"(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefore or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7303 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or

"(v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant party raised the issue of the existence of an agreement to arbitrate at the hearing.

"(2) The fact that the relief awarded by the arbitrators was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award." 42 Pa.C.S. §7314(a).

This standard of review is extremely restrictive and an examination of the petition to vacate or modify arbitration award filed by the petitioners, Jack Hough and Joanne Hough, reveals that it does not allege any grounds which would justify the vacating or modification of the

arbitration award in accordance with the statutory standards of review set forth in 42 Pa.C.S. §7314. The basis alleged for vacating the arbitration award asserted in the petition is that the arbitration panel committed errors of law.

The petitioners do not allege that they were denied a hearing, that there was fraud or misconduct, that there was evidence of partiality by the arbitrators, that the arbitrators exceeded their powers, that the arbitrators refused to postpone the hearing for cause shown, or that there was no agreement to arbitrate.

The petition to vacate or modify arbitration award filed pursuant to 42 Pa.C.S. §7314 seek to have the arbitration award vacated on the basis that the arbitrators committed errors of law when arriving at their decision. This is not a basis for the vacation of an award pursuant to section 7314.

The case of *Martin v. PMA Group,* 420 Pa. Super. 624, 626, 617 A.2d 361, 362 (1992), is directly on point. In *Martin,* the plaintiff was injured in a motor vehicle accident and he pursued a claim against the tort-feasor. This claim was settled for the policy limits and the plaintiff then asserted an underinsured motorist claim under his own insurance policy. As in the present case, the underinsured motorist policy provided underinsured motorist policy limits in an amount less than the bodily injury policy limits. In the underinsured motorist arbitration proceeding, the plaintiff contended that the reduced underinsured motorist policy limits were not valid because the plaintiff had not signed the appropriate forms to effectuate such a reduction in coverage. The

issue as to the amount of underinsured motorist coverage was submitted to the arbitrators and the arbitration entered an award determining that the plaintiff had, in fact, properly requested a reduction in coverage and that the amount of coverage available under the policy was the reduced amount. The plaintiff filed a motion to vacate the arbitration award with the court of common pleas and the trial court denied the motion. This decision was appealed to the Pennsylvania Superior Court. In the Superior Court, the plaintiff argued that the arbitration award should be vacated by the court as being contrary to law. The Superior Court disagreed and confirmed the decision of the trial court. The Superior Court stated:

"Appellant's first argument is that the parties' contract, which provides for arbitration of disputed UM/UIM claims, falls within the purview of 42 Pa.C.S. §7302 requiring a court to modify or correct an award which is contrary to law. We disagree.

"Appellee's insurance policy expressly stated that a dispute over UM/UIM benefits would be arbitrated and 'conducted in accordance with the Pennsylvania Uniform Arbitration Act.' This language constituted an express provision for statutory arbitration. See *Bowdren v. Aetna Life and Casualty,* 404 Pa. Super. 595, 600, 591 A.2d 751, 754 (1991). (citations omitted) Section 7314 of the Pennsylvania Uniform Arbitration Act delineates the circumstances under which a statutory arbitration award can be vacated by a court and an award contrary to law is not one such circumstance. Moreover 42 Pa.C.S. §7314(a)(2) expressly states that '[t]he fact that the relief awarded by the arbitrators was such

that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award' . . .

"In the case at bar none of the conditions required for the broader standard of review, as mandated by section 7302(d), are met: appellee's insurance policy was issued to S.O.S. in 1988, and the policy does not refer to the Pennsylvania Uniform Arbitration Act of 1927. Therefore, having found that no special circumstances which allow for a broad standard of review of statutory arbitration awards present, we are limited to the narrow scope of review provided in sections 7314 and 7315.

"Sections 7314 and 7315 provide for the vacating of a statutory arbitration award only upon a showing of fraudulent, irregular, or partial conduct on the part of the arbitrators, or that the award contains miscalculations or deficiencies in form. Appellant does not allege any of the above, but rather alleges that the award was contrary to law. An allegation that a statutory arbitration award is contrary to law is not a sufficient basis for vacating the award pursuant to sections 7314 and 7315." *Martin v. PMA Group,* 420 Pa. Super. 624, 627-30, 617 A.2d 361, 362-63 (1992). (footnote omitted)

In their brief at the oral argument, the petitioners assert that the Superior Court's decision in *Martin,* while not appealed, has been generally ignored. That is not the case. A number of other decisions have reached the same result as the Superior Court in the *Martin* case. Similar results have been reached in *Cotterman v. Allstate Insurance Co.,* 446 Pa. Super. 202, 666 A.2d 695 (1995); *Popskyj v. Keystone Insurance Company,* 388 Pa. Super. 429, 565 A.2d 1184 (1989), *appeal de-*

*nied,* 525 Pa. 602, 575 A.2d 567 (1990); *Cigna Insurance Co. v. Squires,* 427 Pa. Super. 206, 628 A.2d 899 (1993), *allocatur denied,* 537 Pa. 638, 644 A.2d 161 (1994); *Dearry v. Aetna Life and Casualty Insurance Co.,* 415 Pa. Super. 634, 610 A.2d 469 (1992); *Boyce v. St. Paul Property and Liability Insurance Co.,* 421 Pa. Super. 582, 618 A.2d 962 (1992).

Moreover, the case of *Bowdren v. Aetna Life and Casualty,* 404 Pa. Super. 595, 591 A.2d 751 (1991) relied upon by petitioners was held in *Cigna Insurance Co. v. Squires,* 427 Pa. Super. 206, 628 A.2d 899 (1993) to not properly interpret the 1980 amendments to the Uniform Arbitration Act.

In view of the foregoing, the petitioners have failed to assert or allege a circumstance or basis which would authorize this court to vacate or modify the arbitration award in accordance with 42 Pa.C.S. §7314, and that as a result, said petition to vacate or modify the arbitration award should be dismissed.

The petitioners assert that this obvious conclusion should not be ordered as in decisions after *Martin,* the Pennsylvania courts have ignored or only given lip service to the *Martin* decisions. A review of some of these cases however, prove to the contrary.

In *Cotterman v. Allstate Insurance Co.,* 466 Pa. Super. 202, 666 A.2d 695 (1995), the Superior Court held that the 1980 Uniform Arbitration Act applied to a policy that provided for arbitration under both the 1927 Act and the 1980 Act. The Superior Court then held that it could not review an arbitration award for errors of law and that the correct standard of review was that set forth

in 42 Pa.C.S. §7314. *Sun Company Inc. v. Pennsylvania Turnpike Commission,* 708 A.2d 875 (Pa. Commw. 1998), the court permitted review for an error of law, however, case is clearly distinguishable. In *Sun,* the Pennsylvania Turnpike Commission was a party to the arbitration agreement. As the turnpike commission is a Commonwealth party, the error of law standard set forth in section 7302 is applicable. Section 7302(d)(1)(i) is applicable when a party to the arbitration agreement is a Commonwealth agency. Moreover, in *Sun,* the parties agreed that section 7302 provided the applicable standard of review. Accordingly, the *Sun* decision does not ignore the holding in *Martin.*

The Houghs also assert that *Caron v. Reliance Insurance Co.,* 703 A.2d 63 (Pa. Super. 1997), *allocatur denied,* 556 Pa. 669, 727 A.2d 126 (1998); ignores the decision in *Martin.* This assertion is inaccurate. In fact, the opinion in *Caron* actually supports State Farm's position. In *Caron,* the Superior Court was asked to review an arbitration award in an uninsured motorist case involving a stacking issue. The Superior Court, relying on *Martin* held that it could not review an arbitration award for an error of law, stating:

"Under this limited standard, the resolution of factual disputes is within the province of the arbitrators. *Boyce, supra.* In addition, '[a]n allegation that a statutory arbitration award is contrary to law is not a sufficient basis for vacating the award.' *Martin v. PMA Group,* 420 Pa. Super. 624, 629-30, 617 A.2d 361, 363 (1992)." *Caron v. Reliance Insurance Co.,* 703 A.2d at 66.

However, the court in *Caron* discussed the rule that allows a court to review an insurance policy provision which is alleged to be contrary to public policy. The court stated:

"[A] trial court can review a clause in an insurance policy where the claimant alleges that such a provision is contrary to public policy." *Caron v. Reliance Insurance Co.,* 703 A.2d at 66.

Accordingly, the Superior Court in *Caron* did follow the holding in *Martin* as Houghs are not alleging that a policy provision violates public policy, rather, they are asserting that the arbitration award is contrary to law.

The Houghs also cite the cases of *Carroll v. State Farm Mutual Automobile Insurance Co,* 420 Pa. Super. 215, 616 A2d 660 (1992), *allocatur denied,* 533 Pa. 641, 622 A.2d 1374 (1993), and *Bowdren v. Aetna Life and Casualty,* 404 Pa. Super. 595, 591 A.2d 751 (1991). These two decisions have been distinguished and criticized by later decisions. In *Cigna Insurance Co. v. Squires,* 427 Pa. Super. 206, 628 A.2d 899 (1993), discussed hereinabove, the Superior Court distinguished both the *Bowdren* and *Carroll* decisions stating:

"Cigna contends that this court has rejected the principles articulated in *Popskyj,* in the more recent cases of *Bowdren v. Aetna Life and Casualty,* 404 Pa. Super. 595, 591 A.2d 751 (1991), *appeal denied,* 529 Pa. 644, 602 A.2d 855 (1992) and *Carroll v. State Farm Mutual Automobile Insurance Company,* 420 Pa. Super. 215, 616 A.2d 660 (1992), *appeal denied,* 533 Pa. 641, 622 A.2d 1374 (1993). We disagree.

In *Bowdren, supra,* this court was again faced with the question of whether we can review an arbitration

award for an error of law. The *Bowdren* court held that if the insurance contract expressly provides for statutory arbitration, then the standard of review is dictated by section 7302. *Bowdren*, 404 Pa. Super. at 601, 591 A.2d at 754. In coming to this conclusion, the court neither relies upon nor rejects the reasoning in *Popskyj*. While *Bowdren* states that, in any statutory arbitration case, section 7302(d) provides the standard of review, it does not discuss the historical note describing the limited application of that section. Moreover, if we apply the *Bowdren* analysis of section 7302(d) to the facts of the case sub judice, section 7314 ceases to have any purpose under the Act. Accord *Aetna Casualty and Surety Company v. Deitrich,* 803 F. Supp. 1032 (M.D. Pa. 1992). In our interpretation of the statute, however, we must presume that the legislature intended the entire statute to be effective. 1 Pa.C.S. §1922(2). We are unpersuaded that *Bowdren* represents an express rejection of the *Popskyj* analysis or that *Bowdren* applies in the present case."

Based upon the foregoing, the applicable standard of review is set forth in 42 Pa.C.S. §7314 and the arbitration award entered in this case cannot be reviewed for errors of law and respondent's motion to dismiss must be granted.

## ORDER

And now, to wit, March 1, 2001, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the motion of the respondent, State Farm Insurance Company, to dismiss petitioners' petition to vacate or modify arbitration award is granted and the said petition is hereby ordered dismissed.