Solomon **SHERMAN** and Judith
Sherman, H/W, Appellants,

v.

**AMICA MUTUAL INSURANCE
COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued June 12, 2001.
Filed Aug. 20, 2001.

Michael J. Flanagan, Philadelphia, for appellants.

Before: JOYCE, LALLY–GREEN and KELLY, JJ.

JOYCE, J.

■ ¶ 1 Appellants, Solomon and Judith Sherman, appeal from the judgment entered on September 28, 2000 on a June 5, 2000 order dismissing their petition to vacate, modify or correct an arbitration award.[1] For the reasons set forth below, we affirm. The relevant facts and procedural history are as follows.

¶ 2 On December 23, 1990, Appellants were involved in a motor vehicle accident with a vehicle owned by William Spencer and operated by Vicki Spencer. On October 30, 1992, Appellants filed a writ of summons against the Spencers as a result of the accident. Appellants also filed a writ of summons against Appellee, Amica Mutual Insurance Company, for uninsured motorist benefits on December 21, 1995. Pursuant to the provisions of their automobile insurance policy with Appellee, Appellants demanded arbitration of their claim. On February 18, 2000, the arbitration panel issued its decision in favor of Appellee.

¶ 3 On March 20, 2000, Appellants filed a petition to vacate, modify or correct the arbitration award due to an alleged mistake of law and demanded review pursuant to 42 Pa.C.S.A. § 7302(d)(2). Appellee filed preliminary objections to this petition to which Appellants did not respond. On June 5, 2000, the trial court granted Appellee's preliminary objections concluding that it had no authority to modify or vacate the award under the contrary to law standard. After the trial court denied Appellants' motion for reconsideration on June 29, 2000, it entered judgment on its order dismissing Appellant's petition to vacate or modify the award on September 28, 2000. This timely appeal followed.

■ ¶ 4 Appellants argue that the parties' contract, which provides for the statutory arbitration of their uninsured motorist claim, falls within the purview of 42 Pa.C.S.A. § 7302(d) requiring a court to modify or correct an award that is contrary to law. Appellee contends that this section of the Act is not applicable to the parties' insurance contract and that Appellants have failed to state a claim for which the court may grant relief. After a review of the relevant statutory provisions and case law, we find Appellee's argument persuasive. The Uniform Arbitration Act of 1980 ("the Act"), 42 Pa.C.S.A. § 7301 et seq., provides two standards under which a court may review the decision of an arbitration panel. In the majority of cases, the following sections apply:

§ 7314. Vacating award by court.

(a) General rule.—

(1) On application of a party, the court shall vacate an award where:

(i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;

(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the

---

1. Following the denial or dismissal of a petition to vacate or modify an arbitration award, proper procedure requires the trial court to issue an order confirming the arbitration award and to enter judgment on this order. Here, the court entered judgment on the June 5, 2000 order dismissing Appellants' petition to vacate or modify the award. *See Kemether v. Aetna Life & Cas. Co.,* 440 Pa.Super. 468,

656 A.2d 125 (1995) (providing that an order denying a petition to vacate or modify an arbitration award is not an appealable order). However, as it was the court's responsibility to issue a separate confirming order prior to the entry of judgment, it is not appropriate to punish Appellants for this procedural failure. *See id.*

arbitrators prejudicing the rights of any party;

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or

(v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

**(2) The fact that the relief awarded by the arbitrators was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award.**

§ 7315. Modification or correction of award by court.

(a) General rule.—On application to the court made within 30 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issue(s) submitted; or

(3) the award is deficient in a matter of form, not affecting the merits of the controversy.

42 Pa.C.S.A. § 7314 and § 7315. (Emphasis added). Furthermore, the conditions under § 7314(a)(1)(i), referring to common law arbitration, which would permit a court to vacate an award are: fraud, misconduct, corruption, or other irregularity which caused the rendition of an unjust, inequitable or unconscionable award.

■ ¶ 5 However, in more limited circumstances, the Act provides a second standard for the review of statutory arbitration claims.

§ 7302 Scope of Subchapter

(a) General Rule.—An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter.

(d) Special Application.—

(1) Paragraph (2) shall be applicable where:

(i) The Commonwealth government submits a controversy to arbitration.

(ii) A political subdivision submits a controversy with an employee or representative of employees to arbitration.

(iii) Any person has been required by law to submit or to agree to submit a controversy to arbitration pursuant to this subchapter.

(2) **Where this paragraph is applicable** a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, **modify or**

correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

42 Pa.C.S.A. § 7302 (Emphasis added). Apart from instances where the Commonwealth or a political subdivision submits a controversy to arbitration, the historical footnote accompanying § 7302 provides only two occasions where this standard is applicable. The relevant footnote states:

The provisions of 42 Pa.C.S. § 7302(d)(2) (relating to special application) shall be applicable to any nonjudicial arbitration pursuant to:

(1) An agreement made prior to the effective date of this act which expressly provides that it shall be interpreted pursuant to the law of this Commonwealth and which expressly provides for statutory arbitration.

(2) An agreement heretofore or hereafter made which expressly provides for arbitration pursuant to the former provisions of the Act of April 25, 1927 (P.L. 381, No. 248), relating to statutory arbitration.

42 Pa.C.S.A. § 7302 (historical footnote).[2] See also Cigna v. Squires, 427 Pa.Super. 206, 628 A.2d 899, 901 (1993), appeal denied, 537 Pa. 638, 644 A.2d 161 (1994); Martin v. PMA Group, 420 Pa.Super. 624, 617 A.2d 361, 363 (1992) (holding that the historical note accompanying § 7302 provides for the applicability of review under § 7302(d)(2)).

¶ 6 A review of the insurance policy in the instant case reveals that neither of the two conditions required in the footnote for the application of § 7302(d)(2) are present. First, the policy was issued in 1990, well after the effective date of the Act (December 4, 1980). Furthermore, an endorsement to the parties' insurance policy provided for the arbitration of claims in accordance with "the Pennsylvania Uniform Arbitration Act," not the Act of 1927. Amica Mutual Insurance Company Personal Auto Policy No. 910737–2606, Endorsement, at 99 04 23 07 90.

¶ 7 Therefore, the sections of the Act applicable to the instant case are § 7314 and § 7315. Appellants do not allege, however, that any of the circumstances set forth in § 7314(a)(1)(ii), (iii), (iv), or (v) or § 7315 apply to the facts of this case. Furthermore, Appellants' do not allege fraud, misconduct or corruption that would permit a decision under § 7314(a)(i) of the Act. Finally, § 7314(a)(2) specifically prohibits vacating an arbitrator's award on the grounds that a court could not in law or equity grant the award.

■ ¶ 8 Appellants argue that our decisions in Carroll v. State Farm Mut. Auto. Ins. Co., 420 Pa.Super. 215, 616 A.2d 660 (1992), appeal denied, 420 Pa.Super. 215, 616 A.2d 660 (1992) and Bowdren v. Aetna Life and Cas., 404 Pa.Super. 595, 591 A.2d 751 (1991), appeal denied, 529 Pa. 644, 602 A.2d 855 (1992) permit review under § 7302(d)(2) whenever the insurance policy expressly provides for statutory arbitra-

---

2. The legislature likely added this note to curb the inequity to parties who had expressly agreed to the prior rules, and broad scope of review, provided under the 1927 Act. It provided:

§ 171 Modifying or correcting award, grounds
In either of the following cases the court shall make an order modifying or correct-

ing the award upon the application of any party to the arbitration:
. . .
(d) Where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict.

tion. Neither *Carroll* nor *Bowdren*, however, discuss the accompanying historical note and its applicability. Furthermore, were we to accept Appellants' notion that § 7302(d)(2) *applies to all policies that expressly request statutory arbitration*, § 7314(a)(2) would cease to have any purpose under the Act.[3] (Emphasis added). *See Cigna*, 628 A.2d at 903. As we must presume that the legislature intended the entire statute to be effective, we reject Appellants' interpretation of the historical note. *See* 1 Pa.C.S. § 1922(2).

¶ 9 For the foregoing reasons, Appellants' arbitration decision is properly reviewed under § 7314 and § 7315 of the Act. As these sections do not permit review under a "contrary to law" standard, we must affirm the judgment on the order below.

¶ 10 Judgment affirmed.

---

**3.** Appellants posit that the accompanying historical note
> is meant to be inclusionary, that is, in addition to giving a 'contrary to law' scope of judicial review for arbitrations under the auspices of the 1980 Act, the same standard

of review is to apply to agreements made prior to the effective date of the Act and agreements made which expressly provide for arbitration pursuant to the provisions of the Act of April 25, 1927.

Appellants' Brief, at 16–17.