## Smith, Appellant, *v.* Fidelity Mutual Life Insurance Co.

*Contracts—Life insurance — Policies — Proceeds — Conflicting claimants—Interest from due date to date of verdict—Refusal to allow interest.*

An insurance company issued a policy of life insurance providing for payment to a creditor, as his interest might appear, and the balance to the personal representative of the insured. The insured died in this State and letters testamentary were taken out here. The creditor brought a suit in the District of Columbia to recover the full amount of the policy and the personal representative brought suit in this State also for the full amount of the policy. The defendant in the case in this State presented a petition to restrain the prosecution of the action and to compel the plaintiff to intervene in the action of the creditor and to be allowed to pay the money into court in the District of Columbia, which was refused. The case in this State was called for trial and proceeded with for some time, when the creditor appeared and by the consent of all parties was made a party plaintiff, and a verdict was taken for the plaintiffs for the face of the policy plus interest, of which a certain proportion was to be paid to the personal representative and a certain proportion to the creditor. It was agreed that the court should determine upon the pleadings and

the record whether the amount of the verdict should be reduced by the amount of interest. The court held that the defendant company was not in default in not paying the amount of the policy, and was, therefore, not liable for interest upon the amount. Upon appeal, affirmed.

Argued Oct. 14, 1914. Appeal, No. 122, Oct. T., 1914, by plaintiff, from judgment of C. P. Allegheny Co., Dec. T., 1911, No. 449, on reduced verdict for plaintiff, in case of Anna B. Smith, Executrix of the Estate of Jack Q. H. Smith, Deceased, v. Fidelity Mutual Life Insurance Company. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit on life insurance policy.

Stipulation that the liability of the defendant for interest from the one date of the policy to the date of verdict should be determined by the court upon the record.

SHAFER, J., filed the following opinion:

From the evidence given in the case, and the papers filed therein, it appears that the defendant company on May 5th, 1898, issued its policy of insurance upon which this action was brought. The terms of the contract, so far as they concern this case, were as follows: "The Fidelity Mutual Life Insurance Association of Philadelphia, by this policy of insurance, agrees to pay the sum of ten thousand dollars, upon the surrender of the same, properly receipted, within ninety days after the acceptance of due and satisfactory proof of the death of Jack Q. H. Smith......and of claim hereunder, to Thomas C. Coleman, creditor, or his legal representatives, as his interest may appear; balance, if any, to the administrators," etc., of Smith. When the policy was made, Coleman held a note of Smith's for a large amount. Smith died November 22, 1910, and proofs of his death were duly made. The policy itself was in the hands of Coleman, who resided in Virginia. Smith, at the time of his death, was a resident of this county, and letters testamentary on his estate were taken out by the plaintiff

in this county. In December, 1910, about the same time that the proofs of Smith's death were furnished to the company, Coleman and the plaintiff each gave notice to the company that they each claimed the whole of the sum of ten thousand dollars due upon the policy. The defendant company endeavored to have them join in a receipt for the money and to take steps to determine their respective rights, which they each refused to do; and in October, 1911, they each brought suit against the defendant, Coleman bringing the first suit in the Supreme Court of the District of Columbia, where the defendant company had an agent upon whom it could be served, and the plaintiff bringing the present suit a few days afterwards. In Coleman's suit he alleged that Smith, at the time of his death, owed him more than the whole of the policy, and the plaintiff in the present suit alleged that nothing whatever was owing to Coleman, but that on the contrary Coleman was indebted to Smith at the time of his death. The defendant company defended each of these actions by setting up its willingness to pay to the proper party and alleging the claim of the other party to the whole of the money. After these suits were instituted, the defendant, in the case in this county, presented a petition to restrain the plaintiff herein from prosecuting her action and to compel her to intervene in the action of Coleman, and to be allowed to pay the money into the Supreme Court of the District of Columbia, which was refused. Each of these cases remained pending until the present case was called for trial, in November of last year, and after the trial had proceeded for some time, Coleman appeared and by consent of all parties was made a party plaintiff, and a verdict was taken for the plaintiffs for $11,586.00, of which $6,500.00 was to be paid to Coleman and $5,086.60 payable to Anna B. Smith, Executrix. At the same time Anna B. Smith, Executrix, and the defendant entered into a stipulation in writing, by which it was agreed that $1,586.00 of the amount mentioned in the verdict as payable to Mrs.

, Smith, was interest on the whole $10,000.00 from March 30, 1911, and that the liability of the defendant to pay such interest should be determined by the court upon the pleadings and evidence and the record. In other words, the question whether the verdict should or should not be reduced by this amount of interest was submitted to the court.

Although the question involved would seem to be one which might frequently arise upon policies of this kind, the diligence of counsel has failed to find any similar case. That the two claimants should reside in different jurisdictions, and should each refuse to take any proceeding in the other jurisdiction, was the circumstance which prevented the defendant company from paying the money into court and thus relieving itself of the liability, as well as from bringing the parties together by bill of interpleader to require them to settle their differences. It is evident that the company was at all times willing and ready to pay the whole amount of the policy whenever it could safely do so. It is further evident that it would not be just to allow Coleman to proceed in the District of Columbia and prove, in the absence of Mrs. Smith, that her testator owed him over $10,000.00 and in that way recover the whole $10,000.00 from the defendant, and at the same time allow Mrs. Smith to proceed in this county and prove, in the absence of Coleman, that her husband owed Coleman nothing, and thereby to allow the second recovery of the money against the defendant, and this grossly unjust result of such proceedings is enough to show that they could not be maintained. We are of opinion that the effect of the contract above stated is to make Coleman and the executrix of Smith joint promisees, so that neither of them could bring an action without the other; but that, if this be not the true interpretation of the contract, Coleman having brought an action upon the policy no other action could be maintained by the executrix until his action was determined. The case is somewhat like that

of Procter v. Georgie Home Insurance Co., 32 S. E. Repr. 716, where a policy was made payable to two persons, one a mortgagee and the other an owner, as their interests might appear, in which it was held that the one party could not maintain an action without the other. There seems to be no substantial difference between a promise to one as his interest may appear and the balance to the other, and a promise to pay to the two as their interests may appear.

It seems to us, therefore, that the defendant company was not in any default in not paying the $10,000 secured by the policy to either one of the claimants, and that it is therefore not liable for interest upon the amount. It never was able to safely pay either of them until Coleman agreed to join in the present suit. In accordance, therefore, with the stipulation filed, it is ordered and determined that the defendant company is not liable to pay to the plaintiff, Anna B. Smith, the sum of $1,586.60, interest from March 30, 1911, on the $10.000 secured by the policy, and that judgment shall be entered on the verdict for Mrs. Smith for thirty-five hundred ($3,-500.00) dollars only.

Verdict for plaintiffs for $10.000, with interest amounting to $1,586.60, of which $6,500 was payable to Coleman and $5,086.60 was payable to Anna B. Smith, executrix.

The court decided that the plaintiff was not entitled to interest from the due date of the policy to the date of the verdict and entered judgment for Anna B. Smith, executrix, for $3,500 only. Anna B. Smith, executrix, appealed.

*Error assigned* was the order of the court.

*William Kaufman,* with him *William E. Fulton,* for appellant.

*Albert B. Smith,* with him *L. K. & S. G. Porter,* for appellee.

PER CURIAM, January 2, 1915:

The judgment is affirmed on the opinion of Judge SHAFER.