## Keyser et al. v. Gieda et al.

E. F. McGovern, for plaintiffs; Patrick J. Flannery, for defendants.

COUGHLIN, J., May 7, 1931.—The German Beneficial Union of Pittsburgh, hereinafter referred to as insurer, was sued by John Keyser et al. on a benefit

certificate, No. 78021, issued to Peter Keyser, now deceased, providing for the payment by said insurer, upon the death of said Peter Keyser, of the sum of $600. The latter died November 20, 1927.

A second suit was brought by same plaintiff against same defendant upon a second benefit, known as "Class B," No. 9825, likewise providing for the payment of $600 upon the death of the said Peter Keyser. The plaintiffs, who were the father and brother of said deceased, brought suit as next of kin.

The said insurer admitted the issuing of both certificates. No. 78021 was payable, in case of Peter Keyser's death, to Andrew Gieda, his cousin, and No. 9825 to Wacher Skrutzky, subject to the constitution and general laws of the insurer. The insurer admitted owing $600 on the first certificate and $281.60 under the latter.

Article 21 of the general laws of the insurer sets forth to whom the certificates may be made payable as follows:

"Certificates may be made payable to the husband, the wife, the children, the grandchildren, the mother, father, brother or sister, grandparents, aunt, uncle, nieces or nephews, first or second cousins or nearest relatives who would inherit deceased members' personal estate (if the member would die intestate) or to an affianced wife or husband, or to persons depending upon the member for food, lodging, clothing or education. Has the applicant no blood-relations, he may authorize his executor or administrator to receive the death benefit. The applicant may also arrange for the payment of the funeral expenses."

The insurer being without knowledge as to whether the beneficiary named was related to the deceased or within the classes provided by the aforesaid article 21, and there being rival claimants and threatened with rival suits, petitioned the court to be permitted to pay said sums of money into the court and requested that a rule be granted upon said claimants to interplead. In addition to the aforesaid sums, interest was paid into court.

Judge Fine directed an interpleader, and as a part of said order the following appeared: "It being understood that the court upon the final disposition of this case shall decide whether or not the German Beneficial Union should have been required to pay into court interest upon the proceeds of above certificates from December 1, 1927, to time of paying these moneys into court, and if the court shall determine that German Beneficial Union should not have been required to pay interest upon these moneys, then the interest paid in, viz., $97.80, upon the proceeds of certificate No. 78201 and $45.92 upon the proceeds of certificate No. 9825, shall be returned to the German Beneficial Union, and if the court determine that it was right in ordering interest to be paid in by the German Beneficial Union upon the proceeds of above certificates, then the interest shall be ordered to and paid to the parties whom it is finally determined should be entitled to the proceeds of the certificates hereinbefore mentioned." The interpleader was disposed of by trial before us and the fund awarded to Joseph Keyser, administrator of the estate of the deceased.

There is no hard and fast rule as to payment of interest in cases like the present, but the principles of equity must be invoked to accomplish justice in each particular case. Where there is a legal contest between persons other than the debtor, rendering it doubtful to whom the debt should be paid, a debtor may properly pay the money into court. The purpose for so doing is to stop the payment of interest thereafter so as to not be chargeable therefor during the contest.

The question now before us is whether interest should be paid by the insurer for the period subsequent to insured's death but prior to the date of payment into court. In general, interest is not due unless there be an agreement to pay

it or a default in the payment of the principal debt when due, in which case interest is allowed as damages for detention. There is no authority which makes it the duty of a debtor to enforce interpleader between his creditors.

It has been held in Mutual Life Ins. Co. of New York *v.* Rodney et al., 12 Del. Ch. 294, 114 Atl. Repr. 163, that where the proceeds were claimed by two persons, the insurance company, after eight years since proof of loss, was entitled to interplead the claimants and to bring the money due under the policy into court, without interest thereon, it not having unreasonably delayed payment, the delay, if any, resulting from the claimants' failure to assert their rights.

In the case at bar, deceased died November 20, 1927. Suit was brought by John Keyser, or Kaiser et al., November 17, 1928. Statement therein was filed March 5, 1930, and money paid into court March 12, 1930. The delay, if any, resulted apparently from the claimants.

In Colusci *v.* National Life Ins. Co., 4 Wash. Co. Reps. 146, interest was allowed only from the date when suit was brought, there being no testimony as to when proofs of death were received. In Smith *v.* Fidelity Mutual Life Ins. Co., 247 Pa. 369, the court refused to allow interest, holding that the defendant company was not in default in not paying the amount of the policy, and was, therefore, not liable for interest upon the amount.

It cannot be said in the case at bar that the company was in default in not paying to the representative of insured's estate, when the policy was made payable to a third party ultimately found not to be legally within the classification permitting him to be a beneficiary. At no time did the insurance company deny in toto its liability under the policy, and hence does not come within Western & A. Pipe Lines *v.* Home Ins. Co., 145 Pa. 346.

Prothonotary is ordered and directed to return to the German Beneficial Union $97.80, being interest on certificate No. 78201, and $45.92, being interest on certificate No. 9825, said respective sums of money having been paid into court by said German Beneficial Union under protest.

From Frank P. Slattery, Wilkes-Barre, Pa.