632 A.2d 333

**Tammy GINTHER, Appellant,**

**v.**

**UNITED STATES FIDELITY AND GUARANTY COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1993.

Filed Oct. 29, 1993.

256

Edward M. Brennan, Pottsville, for appellant.

Glenn M. Campbell, Philadelphia, for appellee.

Before WIEAND, TAMILIA and HESTER, JJ.

HESTER, Judge:

Tammy Ginther appeals from the February 9, 1993 order of the Court of Common Pleas of Schuylkill County which vacated an August 11, 1992 order of an arbitration panel awarding her delay damages in this proceeding wherein she was awarded underinsured motorist benefits from appellee, United States Fidelity and Guaranty Company. Since we find that Rule 238 does not authorize the arbitration board involved herein to award delay damages, we affirm.

The record indicates the following. On December 11, 1987, appellant was involved in a traffic accident in which she sustained a fracture and dislocation of her right wrist and facial lacerations. Her wrist was treated surgically but is affected permanently as a result of the accident, and she underwent plastic surgery for facial scarring. She received $50,000 from State Farm Insurance Company, the insurance carrier for the motorist responsible for the accident, and then made a demand for underinsured motorist coverage against appellee. The parties eventually agreed that the available underinsured motorist coverage under three applicable policies amounted to $105,000. After settlement negotiations failed, with appellee offering $45,000 and appellant demanding $75,000, the parties proceeded to arbitration. A hearing was held before a board of arbitrators, which entered an award of $65,000 in favor of appellant.

Appellant then petitioned both the court of common pleas and the arbitration panel for delay damages pursuant to Rule 238. On August 11, 1992, the board of arbitrators, with one arbitrator abstaining, entered a supplemental order awarding appellant $23,066.87 in delay damages. Appellee filed a petition to vacate the supplemental order, which was granted on February 9, 1993. This appeal followed.

In Rule 238 of the Pennsylvania Rules of Civil Procedure, our Supreme Court authorizes the imposition of damages for delay in the following circumstances only:

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage,

damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff *in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361,* and shall become part of the verdict, decision or award.

Pa.R.Civ.P. 238 (emphasis added) (applicable to all actions pending on November 7, 1988 in which the issue of delay damages has not been determined).

Chapter 73 of the Judicial Code defines three types of arbitration and consists of three subchapters. Subchapter A is entitled statutory arbitration; subchapter B is entitled common law arbitration; subchapter C is entitled judicial arbitration. Section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, appears in subchapter C, which consists solely of 42 Pa.C.S. §§ 7361 and 7362.[1] 42 Pa.C.S. § 7361 is the only type of arbitration wherein delay damages may be assessed under the clear language of Rule 238. Section 7361 is the provision of the Judicial Code instituting *compulsory* arbitration before a board of three attorneys of all civil matters involving less than $50,000.

In the present case, the parties arbitrated this matter not as a result of section 7361 but due to the insurance contract entered between them,[2] which provides in relevant part:

If we and an "insured" do not agree:

1. Whether that person is legally entitled to recover damages under this Part; or

2. As to the amount of damages;

either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within

1. This section authorizes voluntary arbitration on a judicial basis.

2. A copy of this policy appears in the record certified to this court as an exhibit to appellant's answer to appellee's petition to vacate the supplemental order of the arbitration panel.

30 days, either may request that selection be made by a judge of a court having jurisdiction.

Reproduced record at 42a.

The parties voluntarily agreed to arbitrate on a nonjudicial basis by entering this contract, and section 7361 of the Judicial Code is not applicable. Instead, 42 Pa.C.S. § 7302 explicitly provides that this matter must be considered either one involving statutory arbitration or common law arbitration. That section states that an agreement to arbitrate a controversy without instituted suit in the courts is conclusively presumed to be an agreement to arbitrate pursuant to subchapter B, common law arbitration, unless the agreement to arbitrate expressly provides for statutory arbitration. In the latter case, the provisions of subchapter A apply. *See Cigna Insurance Co. v. Squires*, 427 Pa.Super. 206, 628 A.2d 899 (1993).

Since the agreement at issue did not provide for statutory arbitration, the parties conclusively are presumed to have agreed to common law arbitration. *Id.* Since the board at issue was not proceeding under the compulsory arbitration proceedings mandated in 42 Pa.C.S. § 7361, it had no power to impose delay damages under Rule 238. Accordingly, the court of common pleas was correct in vacating the order awarding them.[3]

■ We now determine whether the award should be vacated under the standard of judicial review applicable in common law arbitration proceedings. Pursuant to 42 Pa.C.S. § 7341, a common law arbitration award may be vacated only when there is an irregularity that renders the award unjust, inequitable, or unconscionable. In *Hade v. Nationwide Insurance Co.*, 349 Pa.Super. 541, 503 A.2d 980, 983 (1986), *aff'd*, 519 Pa. 227, 546 A.2d 615 (1988), we stated that if a common law arbitration panel exceeds the scope of the arbitration agree-

---

3. We agree with appellant's contention that the court of common pleas incorrectly applied the standard of review applicable to statutory arbitration. However, we proceed to determine that the order should be vacated under the standard of review applicable to common law arbitration.

ment, the award can be modified on this basis. We apply that reasoning to the facts in this case.

■ In the present case, the arbitration clause provides for arbitration to decide whether there is coverage and if so, the amount the insured is entitled to receive. The policy does not authorize an award of delay damages or interest when it is determined that the insured is entitled to more than the insurer was willing to offer. Furthermore, Rule 238 does not authorize delay damages in common law arbitration. Accordingly, the arbitrators exceeded the scope of the powers granted by the policy and law when it imposed delay damages under Rule 238.

We do not necessarily disagree with the basic tenet that an insurer should be obligated to pay interest when it has in bad faith denied a claim or attempted to underpay a claim. However, there are other statutory provisions providing remedies for such conduct. Appellant cannot obtain damages for delayed payment against appellee based on application of Rule 238 since only trial courts and arbitrators empowered under section 7361 of the Judicial Code have this authority. Her reliance on *Brennan v. General Accident Fire and Life Assurance Corp.*, 524 Pa. 542, 574 A.2d 580 (1990), also is unavailing. While that case granted arbitrators broad authority to decide all matters involving coverage, it does not authorize arbitrators to make monetary awards not supportable by reference to the policy of insurance or an *applicable* rule or statute.

Order affirmed.