**David J. SCHILLER, Esquire Receiver of Thomas E. Angst & Associates, P.C.**

v.

**ROYAL MACCABEES LIFE INSURANCE COMPANY and Federal Kemper Life Assurance Company and Robert E. Angst.**

**Appeal of Royal Maccabees Life Insurance Co.**

Superior Court of Pennsylvania.

Argued July 29, 1999.
Filed Sept. 11, 2000.

Eugene Hamill, Philadelphia, for appellant.

Kristen Z. Faith, Lansdale, for appellee.

BEFORE: McEWEN, President Judge, MUSMANNO and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 After our first decision in this matter, the Pennsylvania Supreme Court reversed our decision and remanded the matter for us to address the merits. *See Schiller v. Royal Maccabees Life Ins.*, 748 A.2d 785, unpublished memorandum at 4–6 (Pa.Super.1999), *rev'd,* 561 Pa. 148, 748 A.2d 1234 (2000) (per curiam order). We do so now and affirm.

¶ 2 As stated by the court below, the facts in this case are as follows:

Plaintiff is the receiver for Thomas E. Angst & Associates, P.C. Thomas Angst and Cynthia P. Angst both died on September 29, 1994. Thomas Angst was insured by appellant, with a face amount on the policy of $1,250,000.00, and Cynthia Angst was insured by Federal Kemper Life Assurance ["Federal Kemper"], with a face amount on the policy of $250,000.00. These monetary amounts represent the insurance proceeds. On November 15, 1994, the receivership commenced this action by filing a Complaint against appellant, Federal Kemper, and Robert Angst. The receivership's claim against Robert Angst was settled pursuant to a Settlement Agreement and Indemnification entered into between these parties on October 17, 1997.

By orders dated August 9, 1996, this Court granted the Petitions for Interpleader filed by appellant and Federal Kemper and ordered these parties to deposit the insurance proceeds with the Prothonotary of Montgomery County, less costs, but not including attorney's fees. By letter dated October 1, 1996, Federal Kemper forwarded to the Prothonotary a check in the amount of $251,706.95, representing the insurance proceeds of $250,000.00 less costs of $304.50, plus interest at a rate of six percent (6%) from August 9, 1996, the date of the order. By letter dated October 15, 1996, appellant delivered to the Prothonotary a check in the amount of $1,260,956.16, representing the insurance proceeds of $1,250,000.00 less costs of $291.22, plus interest at the rate of six percent (6%) from August 9, 1996, the date of the order. At present, however, appellant has not forwarded to plaintiff any payment for the interest which ac-

crued on the proceeds from the date of filing the Complaint to the date appellant delivered its first payment to plaintiff by letter dated October 15, 1996.

On December 19, 1996, this Court entered the Amended Order of Interpleader submitted by appellant and Federal Kemper; this order directed these parties to deposit the interest which accrued on the proceeds from the date of plaintiff's filing of the claims for proceeds to the dates of their first payments into Court. By order dated January 10, 1997, appellant and Federal Kemper were again directed to deposit the interest with the Prothonotary of Montgomery County. On May 28, 1998, this Court entered an order granting the Petition for Confirmation of Settlement and authorizing payments to various claimants from funds held by the receiver. Appellant, however, never filed an appeal of the May 28, 1998 order. Consequently, appellant filed a Motion for Permission to Appeal Nunc Pro Tunc of this order on November 18, 1998.

In light of the defendants' prolonged failure to make the interest payments, plaintiff filed a Petition for Contempt against appellant and Federal Kemper on October 27, 1998. On December 1, 1998, plaintiff filed an Amended Petition for Contempt against these parties. By order dated January 4, 1999, this Court found appellant in civil contempt, and ordered appellant to pay plaintiff for the interest which accrued and for plaintiff's counsels fees.... Appellant filed a timely appeal of this Court's January 4, 1999[,] order to the Superior Court of Pennsylvania on January 15, 1999.

Trial court opinion, 3/15/99, at 2–4.

█ ¶ 3 Appellant raises one issue for our review: "Is an insurance company required to pay interest on the proceeds of an insurance policy when it held those proceeds solely because there were competing claims filed by separate parties in separate courts?" Brief on Remand of Appellant, at 3. In sum, it contends that

*Smith v. Fidelity Mut. Life Ins., Co.*, 247 Pa. 369, 93 A. 479 (1915) (*per curiam*), which held that an insurer is not liable for interest payments if it is not at fault for failing to pay proceeds of a policy, remains the law of this Commonwealth.

¶ 4 It has been the law in this Commonwealth for well over a century that "the right to interest upon money owing upon contract is a legal right. That right to interest begins at the time payment is withheld after it has been the duty to make such payment." *Fernandez v. Levin*, 519 Pa. 375, 548 A.2d 1191, 1193 (1988) (citing *West Republic Mining Co. v. Jones & Laughlins*, 108 Pa. 55 (1885) and *Palmgreen v. Palmer's Garage, Inc.*, 383 Pa. 105, 117 A.2d 721 (1955)). "It is a right which arises upon breach or discontinuance of the contract provided the damages are then ascertainable by computation and even though a bona fide dispute exists as to the amount of the indebtedness." *Palmgreen*, 117 A.2d at 722. In the present matter, appellant concedes that it had an obligation to pay the proceeds to someone on the date of the filing of the complaint. *See* Brief on Remand of Appellant, at 8 ("Royal Maccabees never disputed that it owed the proceeds to a beneficiary. The only difficulty was identifying the legally appropriate beneficiary."). *Cf. Berkeley Inn, Inc. v. Centennial Ins. Co.*, 282 Pa.Super. 207, 422 A.2d 1078, 1081 (1980) (computing interest from the date the insurer acknowledged liability under the policy); *see also Benefit Trust Life Ins. Co. v. Union Nat'l Bank of Pittsburgh*, 776 F.2d 1174, 1179 (3d Cir.1985) ("[I]nterest at the legal rate is due on insurance proceeds from the time they become payable.").

¶ 5 In *Smith*, the Pennsylvania Supreme Court held that an insurer was not liable for prejudgment interest because it was not in default in paying the claim. *See Smith*, 93 A. at 479. Appellant claims that this requires us to find that it is not liable for interest that accrued before the court's August 9, 1996 order. As appellees point

out, however, the Court decided *Smith* long before our courts adopted section 354 of the Restatement (Second) of Contracts. Section 354 states

(1) If the breach consists of a failure to pay a definite sum in money or to render a performance on the amount due less all deductions to which the party in breach is entitled.

(2) In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due.

Restatement (Second) of Contracts § 354 (1981). In *Penneys v. Pennsylvania R.R. Co.*, 408 Pa. 276, 183 A.2d 544, 546 (1962), our Supreme Court adopted this section (then section 337) in a case where a breaching railroad was required to pay interest that accumulated because of a delay in the decision of the case for several years through no fault of the railroad. The Court stated "[a]lthough it may appear unreasonable to require appellant to pay interest for a long period when it had no control over the litigation, it appears equally unreasonable to deprive appellees of the fruit of the use of their money during a period when they also had no control over the course of the litigation." *Id.*

¶ 6 Appellant insists that, because it legitimately did not know who to pay the proceeds, it did not "breach" the contract. We disagree. Although appellant may not have done anything "wrong" by not distributing the proceeds of the insurance policy, the delay deprived appellees of the use of the money during that time. Consequently, appellant had control of money that it concedes it had no right to, and with which it could invest or accrue interest. While *Penneys* did not explicitly overrule *Smith*, we agree with the analysis of the Third Circuit that "[u]nder the Restatement view and that of the more recent Pennsylvania cases, the award of interest in contract disputes is not based on punitive considerations but on compensa-

tion for the loss of the use of the money." *Benefit Trust Life Ins. Co.*, 776 F.2d at 1178 (discussing *Berkeley Inn, Inc.*, 422 A.2d 1078); *see also Atlin v. Security–Conn. Life Ins. Co.*, 788 F.2d 139 (3d Cir. 1986) ("[Pennsylvania] state courts have not imposed a prerequisite of bad faith or blameworthy conduct; rather, the triggering factor is the failure to pay money when it is due."). We conclude that, as in *Penneys*, "the appellees, being the innocent parties in the action, have the weight of the equities on their side." *Id.* at 546–47.

¶ 7 Because the trial court did not err in assessing interest against appellant from the date of the filing of the claim, the order is affirmed.