Edward E. YOUNKIN, Administrator
of the Estate of Gregory Younkin,
deceased, Appellant,

v.

NATIONWIDE INSURANCE
COMPANY, Appellee.

Superior Court of Pennsylvania.

Submitted Feb. 25, 2002.
Filed Aug. 15, 2002.
Reargument Denied Oct. 21, 2002.

John W. Gibson, Pittsburgh, for appellant.

Peter B. Skeel, Pittsburgh, for appellee.

Before: HUDOCK, J.,[1] BOWES, J., and CERCONE, P.J.E.

CERCONE, P.J.E.

¶ 1 Appellant, Edward E. Younkin, appeals from the judgment entered on October 10, 2001, dismissing Appellant's "Petition to Modify Underinsured Motorist Arbitration Award to Include Interest". After careful review, we affirm.[2]

¶ 2 The Trial Court summarized the facts of this case as follows:

[Appellant] is the father of Gregory Younkin who was insured by [Appellee], Nationwide Insurance Company, for Underinsured Motorist benefits. Gregory Younkin was killed as a pedestrian on December 20, 1991 when he was struck by a private passenger vehicle. The tortfeasor's insurance company paid the sum of $100,000.00 and the parties proceeded to Underinsured Motorist arbitration pursuant to the Nationwide Insurance Company contracts which provided for arbitration pursuant to the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S.A. § 7302 et seq.

One of the contracts provided for a policy limit of $1,000,000.00 and insured three vehicles. The other policy provided for a policy limit of $500,000.00 and insured only one vehicle. Nationwide disputed that Gregory Younkin was an insured as to the $1,000,000.00 policy and disputed that stacking was available under that policy. Nationwide conceded that Gregory Younkin was an insured as

to the other policy but disputed liability under that policy.

Attorney John M. Noble, Esquire was selected as Nationwide's selection for Arbitrator and Attorney John N. Scales, Esquire was selected on behalf of Edward E. Younkin. These two Arbitrators selected Attorney John M. Campfield, Esquire as the Neutral Arbitrator. A hearing was commenced on February 14, 2001, Nine Years, One Month, and Twenty–Five days after Gregory Younkin's death.

Two decisions were reached by the Arbitrators relating to coverage and stacking. In these decisions the Arbitrators determined that Gregory Younkin was a Class I insured as to both policies and that stacking did not apply. Subsequently the parties reached several stipulations as follows:

1. The parties hereby stipulate that causal negligence shall be apportioned such that 40 percent of the causal negligence shall be attributed to the Estate of Gregory Younkin;

2. The parties stipulate that the Arbitrators are to arrive at a damage figure that they believe compensates the Estate for the death of Gregory Younkin without regard to coverage limitations. The Arbitrators shall then reduce the damage amount by the 40 percent of causal negligence attributable to the Estate of Gregory Younkin. The Arbitrators shall then mold the Award in accordance with the coverage decision;

1. Hudock, J. did not participate in the consideration of the case.

2. Apparently, counsel for Appellant filed the instant appeal from the Trial Court's August 24, 2001 order before entry of judgment on the order was made. Through this Court's initial screening process, Appellant was contacted and advised that in order for the appeal to be proper, the record had to reflect

compliance with both Sections 7316 and 7320 of the Act. *See Seay v. Prudential Property & Casualty Ins. Co.,* 543 A.2d 1166, 1168 (Pa.Super.1988) *appeal dismissed,* 565 A.2d 159 (Pa.1989). Consequently, counsel for Appellant had judgment entered in the Trial Court on October 10, 2001, and the instant appeal is now properly before this Court.

3. For purposes of the arbitration, concerning proof of economic loss, evidentiary statements were stipulated to and admitted into evidence.

[Appellant] then filed a Mandamus action seeking a court order to reverse the Arbitrators' decision as to stacking and compel a hearing.

The Mandamus action was discontinued with prejudice after a meeting between [Appellant's] Counsel and the named Arbitrators on November 9, 2000 and a hearing date of February 14, 2001 was scheduled.

After the February hearing, [Appellant] was awarded a net sum of $470,000.00 in an Arbitration Award dated February 28, 2001. [Appellant] [sought] modification of the Arbitration Award by [the Trial Court] to include pre-award interest of $333,337.09 together with post-award interest of $1,225.47.

Trial Court Opinion, filed 8/24/2001, at 1–3. The Trial Court found that under the provisions of the Pennsylvania Uniform Arbitration Act of 1980 (hereinafter the Act), 42 Pa.C.S.A. §§ 7301–7320, it had no jurisdiction to modify the award to include pre-award interest. The Trial Court entered an order of August 24, 2001, granting the petition in part as to post-award interest and denying the petition as to pre-award interest. This appeal followed.

¶ 3 On appeal, Appellant raises the following questions for our review:

1. Where a party is required to submit a controversy to arbitration by reason of Pennsylvania Regulations governing automobile insurance policies, as provided by 31 Pa.Code § 63.2, should not the proper standard for modification or correction of an arbitration award be as set forth in 42 Pa.C.S. § 7302(d)(2) rather than as set forth in 42 Pa.C.S. § 7315(a)?

2. If 42 Pa.C.S. § 7315(a) is applicable to modification or correction of an arbitration award rather than 42 Pa. C.S. § 7302(d)(2) should not the Court modify the award to add pre-award interest where such modification or correction does not affect the merits of the controversy?

3. Where an award of Underinsured Motorist benefits is made pursuant to automobile insurance polices over nine (9) years after the death out of which the award arises, should not the award be modified or corrected to include pre-award interest when the amount awarded would have been just compensation if paid upon the death of the insured decedent pursuant to section 354 of the Restatement (Second) of Contracts?

¶ 4 Appellant's Brief at 2. The arbitration clause in the parties' insurance policy provides the following:

ARBITRATION

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "under insured motor vehicle" or do not agree as to the amount of damages, either party may make a written demand for arbitration. Each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Arbitration shall be conducted in accordance with the Pennsylvania Uniform Arbitration Act. Unless both parties agree otherwise, arbitration will take place in the county in

which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

■ ¶ 5 Appellant first argues that based on the arbitration provisions of the parties' insurance policy, the standard of review set forth in Section 7302(d)(2) of the Act applies, requiring a court to modify or correct an award that is "contrary to law." Appellee, Nationwide Insurance Company (hereinafter Nationwide), contends that the more narrowly drawn standards of review set forth in Section 7315 of the Act apply when the court is asked to modify or correct and arbitration award.

¶ 6 Section 7315 enumerates only three (3) circumstances under which a court must modify or correct an arbitration award:

(a) General rule.—On application to the court made within 30 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

*(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;*
*(2) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or*
*(3) the award is deficient in a matter of form, not affecting the merits of the controversy.*

(b) Confirmation of award.—If an application to modify or correct the award is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made by the arbitrators.

(c) Alternative applications.—An application to modify or correct an award may be joined in the alternative with an application to vacate the award.

42 Pa.C.S.A. § 7315 (emphasis added).

¶ 7 Section 7302 allows the court to review the award for error of law and provides the following:

(a) General rule.—An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter.

.        .        .        .        .

(d) Special application.—

(1) Paragraph (2) shall be applicable where:

(i) The Commonwealth government submits a controversy to arbitration.

(ii) A political subdivision submits a controversy with an employee or a representative of employees to arbitration.

(iii) Any person has been required by law to submit or to agree to submit a controversy to arbitration pursuant to this subchapter.

*(2) Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.*

42 Pa.C.S.A. § 7302 (emphasis added). In the present case, the Trial Court found that the provisions of Section 7315 were applicable and that none of three (3) circumstances under which an award may be modified existed. Trial Court Opinion, *supra* at 3–4. Thus, the Trial Court concluded that it had no jurisdiction to modify the award. *Id.* at 6.

¶ 8 Our Court has recently explained that the Act provides two (2) standards under which a court may review the decision of an arbitration panel. In most cases, Sections 7314 and 7315 apply; however, in more limited circumstances, Section 7302 provides the standard for the review of statutory arbitration claims.[3] *Sherman v. Amica Mutual Insurance Company*, 782 A.2d 1006, 1007 (Pa.Super.2001).

Apart from instances where the Commonwealth or a political subdivision submits a controversy to arbitration, the historical footnote accompanying § 7302 provides only two occasions where this standard is applicable. The relevant footnote states:

The provisions of 42 Pa.C.S. § 7302(d)(2) (relating to special application) shall be applicable to any non-judicial arbitration pursuant to:

*(1) An agreement made prior to the effective date of this act which expressly provides that it shall be interpreted pursuant to the law of this Commonwealth and which expressly provides for statutory arbitration.*

*(2) An agreement heretofore or hereafter made which expressly provides for arbitration pursuant to the*

*former provisions of the Act of April 25, 1927 (P.L. 381, No. 248), relating to statutory arbitration.*

42 Pa.C.S.A. § 7302 (historical footnote).[2] See also *Cigna v. Squires*, 427 Pa.Super. 206, 628 A.2d 899, 901 (1993), *appeal denied*, 537 Pa. 638, 644 A.2d 161 (1994); *Martin v. PMA Group*, 420 Pa.Super. 624, 617 A.2d 361, 363 (1992) (holding that the historical note accompanying § 7302 provides for the applicability of review under § 7302(d)(2)).

2. The legislature likely added this note to curb the inequity to parties who had expressly agreed to the prior rules, and broad scope of review, provided under the 1927 Act. It provided:

§ 171 Modifying or correcting award, grounds

In either of the following cases the court shall make an order modifying or correcting the award upon the application of any party to the arbitration:

\* \* \*

(d) Where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict.

*Id.*, 782 A.2d at 1009 (original footnote) (emphasis added).

¶ 9 In the instant matter, it is undisputed that the subject insurance policy between the parties provided that "[a]rbitration shall be conducted in accordance with the Pennsylvania Uniform Arbitration Act." Furthermore, Appellant does not argue that either of the two (2) conditions required in the footnote accompanying Section 7302 is present in this case. Because the parties agreed in writing to arbitration in accordance with the Pennsylvania Uniform Arbitration Act, the applicable standard of review of the Arbitrators'

3. Section 7314 supplies the provisions by which a court may vacate an award; however, in this case, after the Arbitrators' award was entered, Appellant petitioned the Trial Court only to modify the award to include

pre-award interest. Appellant's Brief at 7, 9. At no time has Appellant sought to vacate the award; therefore, Section 7314 of the Act is not at issue in this appeal.

award in this matter is Section 7315. *See Kemether v. Aetna Life & Casualty Co.,* 440 Pa.Super. 468, 656 A.2d 125, 127 (1995) (where contract is in writing and expressly provides for arbitration under the provisions of the Uniform Arbitration Act, it is presumed to provide for statutory arbitration pursuant to subchapter A of the Act and in order to vacate or modify an award, the court must be petitioned under Sections 7314 and 7315).

¶ 10 Appellant next argues that if Section 7315(a) applies to modification or correction of an arbitration award, then this Court should modify the award to add pre-award interest because such a modification or correction does not affect the merits of the controversy. Appellant's Brief at 10–11. Appellant maintains that the inclusion of pre-award interest involves a simple calculation of interest from the date of death to the date of the award and thus, under Section 7315(a)(3) of the Act, is merely a correction of a formal error that does not affect the merits of the controversy. *Id.* This argument suggests that an insured is automatically entitled to pre-award interest upon an arbitration award; however, Appellant has provided no legal authority to support this proposition.

¶ 11 Instead, Appellant directs this Court's attention to *Fish v. Gosnell,* 316 Pa.Super. 565, 463 A.2d 1042 (1983). The *Fish* case, however, is readily distinguishable from the matter at hand. In *Fish,* the appellant's automobile struck appellee's garden tractor head-on as appellee was plowing snow from his driveway. *Id.* at 1045. Following a jury trial, appellant was found to be 80% negligent and appellee 20% negligent in causing the accident. The appellee was awarded a net verdict of $64,000. On appeal, the appellant raised the issue of whether the trial court erred by acting outside the 30–day period after entry of judgment when it modified the verdict to include pre-award interest in the form of delay damages available under Pa. R.C.P. 238. *Id.* at 1052. This Court held that molding a verdict to reflect pre-award interest *under Pa.R.C.P. 238* is a correction of a formal error and, as such, may be made by the court after the 30–day limit has expired. *Id.*

¶ 12 Our holding in *Fish* is of no precedential value in the matter presently before this Court. *Fish* was a personal injury action that did not involve an arbitration award. Moreover, the delay damages awarded in *Fish* were available under the provisions of Pa.R.C.P. 238. Rule 238 has no application in the instant matter. Rule 238 provides in relevant part the following:

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial *or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361,* and shall become part of the verdict, decision or award.

Pa.R.C.P. 238 (emphasis added). It is clear from the language of Rule 238 that delay damages are available only in compulsory arbitration under Section 7361 of the Act. *See also Ginther v. United States Fidelity & Guaranty Co.,* 429 Pa.Super. 255, 632 A.2d 333 (1993) (where arbitration board is not proceeding under compulsory arbitration proceedings of Section 7361, it has no power to impose delay damages under Rule 238); *Erie Insurance Exchange v. McGee,* 327 Pa.Super. 56, 474 A.2d 1171 (1984) (delay damages under Rule 238 denied in uninsured motorist ar-

bitration award). In the present case, the parties agreed to nonjudicial arbitration in accordance with Sections 7301 – 7320 of the Act. Accordingly, we cannot agree with Appellant's argument that he is entitled to pre-award interest, as a matter of law, and that the addition of pre-award interest to the Arbitrators' award would, therefore, amount to nothing more than the correction of a formal error as in *Fish, supra.*

¶ 13 Appellant, however, also argues that pre-award interest should be awarded on the basis of common law contract principles and principles of equity. Appellant argues that:

[a]llowing an insurance company to retain the use of funds during the pendency of arbitration proceedings is contrary to Pennsylvania law generally applicable to the award of interest on money damages and against public policy.... The disallowance of pre-award interest upon arbitration awards encourages delay and rewards insurance carriers for the delay while penalizing innocent policy holders who suffer horrible losses such as the loss in this case, that of the insured premium payers' son and only child.

Appellant's Brief at 19. In support of this argument, Appellant turns to *Schiller v. Royal Maccabees Life Insurance Co.,* 759 A.2d 942, 945 (Pa.Super.2000), in which this Court recognized our Commonwealth's adoption of Section 354 of the Restatement (Second) of Contracts with regard to breach of contract actions. Section 354 states:

(1) If the breach consists of a failure to pay a definite sum in money or to render a performance on the amount due less all deductions to which the party in breach is entitled.

(2) In any other case, such interest may be allowed as justice requires on the amount that would have been just com-

pensation had it been paid when performance was due.

Restatement (Second) of Contracts § 354 (1981). In *Schiller* the appellant, an insurance company, claimed that it did not distribute the proceeds of a life insurance policy because it did not know to whom it should make payment and, therefore, it did not breach the contract and should not be liable for the interest payments assessed by the trial court. The appellant conceded that it had an obligation to pay the proceeds to someone on the date the complaint was filed. This Court held that:

[a]lthough appellant may not have done anything "wrong" by not distributing the proceeds of the insurance policy, the delay deprived appellees of the use of the money during that time. Consequently, appellant had control of money that it concedes it had no right to, and with which it could invest or accrue interest, [a]lthough appellant may not have.

*Schiller, supra* at 945. Our Court recognized that, "the right to interest upon money owing upon contract is a legal right. That right to interest begins at the time payment is withheld after it has been the duty to make such payment." *Id.,* (quoting *Fernandez v. Levin,* 519 Pa. 375, 548 A.2d 1191, 1193 (1988) (other citations omitted)). "It is a right which arises upon breach or discontinuance of the contract provided the damages are then ascertainable by computation and even though a bona fide dispute exists as to the amount of the indebtedness." *Id.,* (quoting *Palmgreen v. Palmer's Garage, Inc.,* 383 Pa. 105, 117 A.2d 721, 722 (1955)). This Court concluded in *Schiller* that the weight of the equities was with appellees and that the trial court properly assessed interest against appellant.

¶ 14 *Schiller* is also readily distinguishable from the instant matter. In the pres-

ent case, unlike in *Schiller*, the insurance policy contains an arbitration clause, which specifically gives the parties an opportunity to arbitrate issues of entitlement and amount of damages. Nationwide chose to arbitrate the following issues: whether Appellant's son was an insured under the $1,000,000 policy; whether stacking was available under the $1,000,000 policy; and whether Nationwide was liable under the $500,000 policy. Pursuant to the provisions of the insurance policy, Nationwide had a contractual right to elect to dispute these issues. Additionally, we note that in this case Nationwide did not concede, as the insurance company did in *Schiller*, that it had a duty to pay a certain sum.

¶ 15 Most significantly, we must take into consideration that the certified record does not reveal any policy provisions authorizing an award of delay damages or interest when it is determined that the insured is entitled to more than the insurer was willing to offer. *See Ginther*, 632 A.2d at 335 (where insurance policy did not authorize delay damages or interest, arbitrators exceeded their power by imposing delay damages). In *Ginther*, this Court affirmed the trial court's determination that an arbitration board exceeded its authority by awarding delay damages in a dispute over the underinsured motorist coverage of an insurance policy between the parties. Our Court held as follows:

> In the present case, the arbitration clause provides for arbitration to decide whether there is coverage and if so, the amount the insured is entitled to receive. The policy does not authorize an award of delay damages *or interest* when it is determined that the insured is entitled to more than the insurer was willing to offer. Furthermore, Rule 238 does not authorize delay damages in common law arbitration. Accordingly, the arbitrators exceeded the scope of the powers

granted by the policy and law when it imposed delay damages under Rule 238.

We do not necessarily disagree with the basic tenet that an insurer should be obligated to pay interest when it has in bad faith denied a claim or attempted to underpay a claim. However, there are other statutory provisions providing remedies for such conduct. Appellant cannot obtain damages for delayed payment against appellee based on application of Rule 238 since only trial courts and arbitrators empowered under section 7361 of the Judicial Code have this authority. Her reliance on *Brennan v. General Accident Fire and Life Assurance Corp.*, 524 Pa. 542, 574 A.2d 580 (1990), also is unavailing. While that case granted arbitrators broad authority to decide all matters involving coverage, ***it does not authorize arbitrators to make monetary awards not supportable by reference to the policy of insurance or an applicable rule or statute.***

*Id.* at 335 (emphasis added). We find that our decision in *Ginther* is dispositive of the issue on appeal in the instant matter. The terms of the arbitration clause in the present case are similar to those in *Ginther* in that both provide that disputes as to coverage and amount of coverage are to be resolved through arbitration. Additionally, both cases involved claims for underinsured motorist coverage. Furthermore, in *Ginther*, we specifically found that award of ***either delay damages or interest*** was outside the power of an arbitration panel, unless the policy itself authorized such action or there existed an applicable rule or statute allowing such an award. In this case, as in *Ginther*, we are unable to find in the certified record any indication that the insurance policy at issue included provisions for pre-award interest or delay

damages.[4] Neither has Appellant cited, or our research disclosed any rule or statute providing for the same. Having found no authorization in the subject insurance policy for award of interest, we find, consistent with *Ginther*, that the arbitration panel in this matter did not have the power to assess pre-award interest. Based on the foregoing, we affirm the Trial Court's order dismissing Appellant's petition to modify his arbitration award to include interest.

¶ 16 Order affirmed.

4. We also note that neither the certified record or Appellant's Brief provided a suitable explanation as to why the arbitration hearing in this matter did not commence until more than nine (9) years after Appellant's son's tragic death.