J. A19035/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PATRICIA NEISHEL AND | : | |
| STANLEY NEISHEL, JR., | : | No. 1813 MDA 2017 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered October 24, 2017,
in the Court of Common Pleas of Luzerne County
Civil Division at No. 2013-12705

BEFORE:  GANTMAN, P.J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: JANUARY 29, 2019**

Patricia Neishel and Stanley Neishel, Jr. ("appellants"), appeal from the October 24, 2017 order entered in the Court of Common Pleas of Luzerne County that denied their motion for summary judgment against Erie Insurance Exchange ("Erie") and granted summary judgment in favor of Erie.  We affirm.

The trial court set forth the following:

> The result of the Court's ruling was to deny the relief sought in [appellants'] earlier Petition in which they requested the Court to vacate the underlying [underinsured motorist] Arbitration Award (hereinafter sometimes referred to as the "Award") entered in the case.
>
> By way of background, the Award was entered on May 15, 2015, following an arbitration which was held on May 5, 2015, before Attorney John Kennedy ([appellants'] selected arbitrator), Attorney Enid Harris ([Erie's] selected arbitrator), and Judge

Joseph Musto (Retired) (the "neutral" arbitrator selected by the other arbitrators). The amount of the unanimous Award was $35,000.00, which the parties agree did not exceed the amount of the available third-party coverage.

On June 15, 2015, [appellants] filed a Petition seeking to have the Award vacated on the ground that their attorney, Ralph J. Johnston, Jr., Esquire, had, sometime following the date of the arbitration (May 5, 2015), "learned" of a potential undisclosed financial relationship between Attorney Harris and [Erie] and/or [Erie's] attorney in this matter, Robert T. Panowicz, Esquire. [Appellants] are of the position that this undisclosed relationship "disqualified" Attorney Harris from serving as an arbitrator in the matter and that, accordingly, the Award should be vacated.

Discovery conducted by [appellants] in this matter did in fact reveal that there was, historically, a financial relationship between Attorney Harris and Attorney Panowicz wherein Attorney Harris worked as an independent contractor for Attorney Panowicz's law firm. This work apparently included working on files which were referred to Attorney Panowicz by [Erie], however, it was limited to files where the clients were insureds of [Erie] and there was nothing in the record to indicate that Attorney Harris worked on any file in which [appellants were] a party. In addition, it appears that Attorney Harris was never directly compensated by [Erie] but, instead, was paid by Attorney Panowicz for the work she performed for his firm. Finally, although there was some conflict in the record regarding when Attorney Harris last performed any work for Attorney Panowicz's firm, the latest possible date appears to have been July 6, 2012.

[Appellants] argue that since this case was assigned by [Erie] to Attorney Panowicz sometime prior to July 6, 2012, there existed an ongoing relationship between Attorney Panowicz and Attorney Harris that precluded her from later serving as an arbitrator. There was no evidence, however, that Attorney Harris

ever worked on this case, or any case for that matter, in which [appellants were] a party. In addition, it is undisputed that Attorney Harris was not selected as [Erie's] arbitrator until August of 2013 and that the arbitration itself was not conducted until May 5, 2015, almost three years after Attorney Harris last performed any work for Attorney Panowicz's firm.

While in hindsight it is clear that [Erie's] choice of Attorney Harris as its arbitrator without, minimally, disclosing the nature of her prior professional relationship with [appellants'] counsel was less than ideal, the Court was not persuaded that the law required that the Award be vacated under the circumstances of this case, especially where, as here, the Award was unanimous and there was no evidence whatsoever to indicate that Attorney Harris exerted any influence over the other two arbitrators, one of whom is a well-seasoned plaintiff's attorney and the other a retired judge.

Trial court opinion, 1/22/18 at 1-3.

The record reflects that following entry of its October 24, 2017 order entering summary judgment in favor of Erie, appellants filed a timely notice of appeal. The trial court did not order appellants to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court did, however, file an opinion "furnished pursuant to the requirements of Pa.[R.A.P.] 1925(a)." (Trial court opinion, 1/22/18 at 1.)

Appellants raise the following issue for our review:

Did the trial court err in entering summary judgment in favor of Erie thereby denying the Petition to Vacate the Arbitration Award where the Arbitration Hearing was fundamentally flawed and failed to comport with the requirements of procedural due process since the defense arbitrator was not impartial, having worked in the office of defense counsel over an extended period,

- 3 -

> specifically, on files assigned to defense counsel by [Erie] in the arbitration proceedings?

Appellants' brief at 3-4.

We begin our analysis with our standard of review:

> When reviewing a trial court's decision to grant a motion for summary judgment, we adhere to the following standard and scope of review.

>> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Shipp v. Phoenix Ins. Co.***, 51 A.3d 219, 221 (Pa.Super. 2012).

At the outset, we note that the parties expressly agreed to statutory arbitration to resolve any dispute regarding underinsured motorist coverage pursuant to the Arbitration Act of 1927.

> Although the Act of 1927 was repealed and replaced by the Act of 1980, the current statute contains provisions that govern agreements to arbitrate under the prior Act. Section 501(b) of the Act of 1980 provides that 42 Pa.C.S.A. § 7302(d)(2) shall apply to agreements "which expressly provide for arbitration pursuant to the former provisions of the Act of April 25, 1927." ***See*** Act of 1980, Oct. 5, P.L. 693,

No. 142 (codified as the Historical Note to 42 Pa.C.S.A. § 7302(d)(2)). Thus, a court asked to review an arbitration award made under the provisions of the Act of 1927 may modify or correct the award where it is "contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict." 42 Pa.C.S.A. § 7302(d)(2); **Meerzon v. Erie Insurance**, 380 Pa. Super. 386, 551 A.2d 1106 (Pa. Super. 1988).

**Krakower v. Nationwide Mut. Ins. Co.**, 790 A.2d 1039, 1040 (Pa.Super 2001).

Apart from instances where the Commonwealth or a political subdivision submits a controversy to arbitration, the historical footnote accompanying Section 7302 provides only two occasions where this standard of review is applicable. The relevant footnote states:

The provisions of 42 Pa. C.S.[A.] § 7302(d)(2) (relating to special application) shall be applicable to any nonjudicial arbitration pursuant to:

(1) An agreement made prior to the effective date of this act which expressly provides that it shall be interpreted pursuant to the law of this Commonwealth and which expressly provides for statutory arbitration.

(2) An agreement heretofore or hereafter made which expressly provides for arbitration pursuant to the former provisions of the Act of April 25, 1927 (P.L. 381, No. 248), relating to statutory arbitration.

> 42 Pa. C.S.A. § 7302 (historical footnote[ n.2).] **See also Cigna v. Squires**, 628 A.2d 899, 901 (Pa. 1993), **appeal denied**, 644 A.2d 161 (Pa. 1994); **Martin v. PMA Group**, 617 A.2d 361, 363 (1992) (holding that the historical note accompanying § 7302 provides for the applicability of the standard of review set forth under § 7302(d)(2)).

**Younkin v. Nationwide Ins. Co.**, 807 A.2d 275, 279 (Pa.Super. 2012).

Here, appellants argue that because the agreement contained a provision to arbitrate under the Act of 1927, all repealed provisions of the Act of 1927 govern their dispute. Appellants are mistaken. The Act of 1980 and relevant case law make it clear that only where a court is asked to review an arbitration award made under the provisions of the Act of 1927 may the court modify or correct the award under the less stringent "contrary to law" standard set forth in the Act of 1927 and preserved in Section 7302(d)(2) of the Act of 1980. **See** 42 Pa.C.S.A. § 7302(d)(2); **see also Heintz**, 804 A.2d 1209, 1214-1215 (Pa.Super. 2002), citing **Krakower**, 790 A.2d 1039.

Appellants did not, however, seek correction or modification of the award alleging that it was contrary to law; rather, appellants moved to vacate the award. Therefore, Section 7314 of the Act of 1980 applies. Under Section 7314, a trial court may vacate an award of a board of arbitrators only in a very limited set of circumstances. Section 7314 states, in pertinent part:

> (1)   On application of a party, the court shall vacate an award where:
>
>        . . . .

> (ii) there was evident partiality by an arbitrator appointed as a neutral or **corruption or misconduct in any of the arbitrators prejudicing the rights of any party**[.]

***Racicot v. Erie Ins. Exch.***, 837 A.2d 496, 500 (Pa.Super. 2003) (emphasis added); ***see also*** 42 Pa.C.S.A. § 7314(1).

In their petition to vacate the arbitration award, appellants alleged that "they received information suggesting that the arbitrator selected [by Erie] may have a financial relationship with the office of [Erie's counsel], Robert T. Panowicz, Esquire." (Appellants' petition to confirm arbitration award for the purpose of jurisdiction and to vacate the arbitration award at 2-3, ¶ 11). Appellants further alleged that "the suggested relationship between [the arbitrator selected by Erie] and Robert T. Panowicz, Esquire, if accurate, prohibited a fair and impartial hearing" that requires vacation of the arbitration award. (***Id.*** at 3-4, ¶ 15.)

Appellants, however, neither alleged nor demonstrated that their rights were prejudiced by any evident corruption or misconduct on the part of Attorney Harris. Rather, appellants merely alleged and demonstrated that Attorney Harris worked on some of Attorney Panowicz's cases as a legal subcontractor and that it was possible that appellants' case was assigned to Attorney Panowicz when Attorney Harris rendered services to Attorney Panowicz three years prior to the arbitration. This allegation, however, is not a statutorily valid ground to vacate the arbitration award. ***See***

42 Pa.C.S.A. § 7314(1)(ii). Therefore, the trial court properly entered summary judgment in favor of Erie.

Order affirmed.

Nichols, J. joins this Memorandum.

Gantman, P.J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:01/29/2019